**ELKIN TRIBUNE, INC. v. YADKIN COUNTY BD. OF COMMISSIONERS**

[331 N.C. 735 (1992)]

THE ELKIN TRIBUNE, INC., THE NORTH CAROLINA PRESS ASSOCIA-
TION, INC., AND THE NORTH CAROLINA FIRST AMENDMENT FOUN-
DATION, INC. v. YADKIN COUNTY BOARD OF COUNTY COMMISSIONERS,
GRADY J. HUNTER, ARTHUR H. WINTERS, MICHAEL D. CROUSE,
RONALD O. BALL AND THOMAS T. WOOTEN; AND JOHN BARBER,
INTERIM COUNTY MANAGER

No. 431PA91

(Filed 25 June 1992)

**Counties § 37 (NCI4th); State § 1.2 (NCI3d) — applications for coun-
ty commissioner — no right of inspection by public**

The inspection and disclosure of applications for the posi-
tion of county manager are governed by N.C.G.S. § 153A-98,
not by N.C.G.S. § 132-6 of the Public Records Act, and since
there is no provision in § 153A-98 for access to the files of
applicants for positions with counties, the trial court erred
in ordering that plaintiffs be given access to the names and
applications of persons who applied for the county manager
position.

**Am Jur 2d, Inspection Laws §§ 1, 6, 7.**

Justice LAKE did not participate in the consideration or
decision of this case.

ON discretionary review pursuant to N.C.G.S. § 7A-31 prior
to determination by the Court of Appeals of an order denying
the defendants' motion to dismiss and granting judgment in favor
of the plaintiffs, entered by *Freeman (William H.), J.,* in Superior
Court, YADKIN County on 15 July 1991. Heard in the Supreme
Court 10 December 1991.

In the spring of 1991, defendant, the Yadkin County Board
of Commissioners, instructed the interim Yadkin County Manager
to begin taking applications for the position of County Manager.
On 24 May 1991, plaintiff, The Elkin Tribune, Inc., requested that
all submitted applications be made available to the Tribune for
inspection. The Board refused this request.

The plaintiffs brought this action pursuant to N.C.G.S. § 132-9
and the North Carolina Declaratory Judgment Act, N.C.G.S. § 1-253
*et seq.,* seeking a judgment that all applications received by the
Board for the position of Yadkin County Manager are "public records"

as defined by N.C.G.S. § 132-1, *et seq.*, and requiring that the Tribune be permitted to inspect and copy the applications.

We granted the defendants' petition for discretionary review.

*Everett, Gaskins, Hancock & Stevens, by Katherine R. White, Everett & Everett, by James A. Everett, for plaintiff appellees.*

*James Lee Graham and Finger, Parker & Avram, by Raymond A. Parker, II, for defendant appellants.*

*James B. Blackburn, III, for North Carolina Association of County Commissioners, amicus curiae.*

*S. Ellis Hankins, General Counsel, and Kimberly L. Smith, Assistant General Counsel, for North Carolina League of Municipalities, amicus curiae.*

WEBB, Justice.

This case brings to the Court a question as to the availability to the public of the names and applications of people who have applied for the position of county manager in a county of this state. N.C.G.S. § 153A-98 provides in part:

> (a) Notwithstanding the provisions of G.S. 132-6 or any other general law or local act concerning access to public records, personnel files of employees, former employees, or applicants for employment maintained by a county are subject to inspection and may be disclosed only as provided by this section. For purposes of this section, an employee's personnel file consists of any information in any form gathered by the county with respect to that employee and, by way of illustration but not limitation, relating to his application, selection or nonselection, performance, promotions, demotions, transfers, suspension and other disciplinary actions, evaluation forms, leave, salary, and termination of employment. As used in this section, "employee" includes former employees of the county.

If the inspection and disclosure of applications for the position of county manager are governed by N.C.G.S. § 153A-98, they are not governed by N.C.G.S. § 132-6 of the Public Records Act because N.C.G.S. § 153A-98 provides such inspection and disclosure may only be done as provided by that section.

We hold that the inspection and disclosure of applications for positions as county manager are subject to N.C.G.S. § 153A-98. The section says "personnel files of . . . applicants for employment maintained by a county" are subject to inspection and may be disclosed only as provided by this section. N.C.G.S. § 153A-98 (1991). If an application for employment as county manager is part of the applicant's personnel file, the application is subject to the section. In defining personnel files of county employees the section includes "any information in any form gathered by the county . . . and, by way of illustration but not limitation, relating to his application[.]" *Id.* The definition of a personnel file in the section applies only to employees. It is a definition, however, that comports with the commonly understood definition of a personnel file. We believe it should also apply to the files of applicants. The definition "any information in any form . . . relating to his application" covers applications for employment. *Id.*

N.C.G.S. § 153A-98 defines employees to include former employees. It is significant that applicants are not included in this definition. The section then provides that some information as to employees may be disclosed under certain circumstances. The section provides that personnel files "are subject to inspection and may be disclosed only as provided by this section." N.C.G.S. § 153A-98 (1991). There is not a provision in the section for the access to the files of applicants for positions with counties. It was error for the court to order the release of the applications for the position of County Manager.

The plaintiffs argue that the personnel file which is defined and made confidential in N.C.G.S. § 153A-98 does not include applications for employment. They say that it was intended to make confidential such things as the subjective, evaluative information about an employee, such as letters of recommendation, opinions of former employers, test scores, performance evaluations and complaints. The statute provides that a "personnel file consists of any information in any form gathered by the county with respect to that employee and, by way of illustration but not limitation, relating to his application[.]" *Id.* This definition includes an application.

The plaintiffs also argue that the section says it applies to information "gathered by the county." *Id.* The applicants, say the plaintiffs, sent their applications to the County. They say that applications were not gathered by the County and thus are not

subject to N.C.G.S. § 153A-98. In reading the whole section we believe it is clear the word "gathered" includes applications that were sent to the County.

The plaintiffs argue further that if the section is not interpreted to include applicants in the definition of employees, the section makes no sense. They say the definition of an employee's personnel file contains as an example his "selection or nonselection[.]" The plaintiffs say this shows that it was intended to include applicants who were not hired. The plain words of the statute include former employees in the definition of employees. The section deals with applicants but it does not include them in the definition of employees. We can only conclude that the section does not include applicants as employees. When the plain words of a statute are clear as to legislative intent, we do not look further for an interpretation. *Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 403 S.E.2d 291 (1991).

For the reasons stated in this opinion, we reverse and remand with an order that the relief for which the plaintiffs prayed be denied.

Reversed and remanded.

Justice LAKE did not participate in the consideration or decision of this case.