KNIGHT PUBL'G CO. v. CHARLOTTE-MECKLENBURG HOSP. AUTH.

[172 N.C. App. 486 (2005)]

limitations as plaintiffs' right to recover accrued upon each payment. Therefore, the trial court's order granting defendants' motion to dismiss should be reversed. Because plaintiffs' unfair and deceptive trade practices (UDTP) claim under N.C. Gen. Stat. § 75-1.1 derives from the usury claim the UDTP claim should remain viable.

———

THE KNIGHT PUBLISHING CO., D/B/A THE CHARLOTTE OBSERVER, PLAINTIFF-APPELLEE V. THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, D/B/A CAROLINAS HEALTHCARE SYSTEM, DEFENDANT-APPELLANT

No. COA04-1252

(Filed 16 August 2005)

**Public Records— public hospitals—salary information**

Summary judgment should have been granted for a public hospital (defendant) seeking to protect all but the current salary information of certain employees from a public records request. The Public Hospital Personnel Act (N.C.G.S. § 131E-257.2(a)) is very specific; the language used by the General Assembly shows that it was concerned about protecting the confidentiality of public hospital personnel records, thereby exempting the information from broad public access.

Appeal by defendant from order and judgment entered 2 August 2004 by Judge David S. Cayer in Superior Court, Mecklenburg County. Heard in the Court of Appeals 11 May 2005.

*Brooks, Pierce, McLendon, Humphrey, & Leonard, L.L.P., by Mark J. Prak, Marcus W. Trathen and Charles E. Coble, for plaintiff-appellee.*

*Robinson, Bradshaw & Hinson, P.A., by Mark W. Merritt and Blake W. Thomas, for defendant-appellant.*

*Linwood L. Jones for North Carolina Hospital Association, amicus curiae.*

McGEE, Judge.

The Charlotte-Mecklenburg Hospital Authority d/b/a, Carolinas Healthcare System (defendant) is a "public body and a body corporate and politic" organized and existing under the Hospital

Authorities Act, N.C. Gen. Stat. § 131E-15 *et seq. See* N.C. Gen. Stat. § 131E-17(c) (2003). Knight Publishing Co., d/b/a *The Charlotte Observer* (plaintiff), sent a letter to defendant on 18 October 2002, requesting access to certain records of defendant pursuant to the Public Records Act, N.C. Gen. Stat. § 132-1 *et seq.*, and the Public Hospital Personnel Act, N.C. Gen. Stat. § 131E-257 *et seq.* Specifically, plaintiff sought (1) the "current compensation (in any form) currently paid to" seventeen of defendant's existing and former employees; (2) "records describing the last compensation to" such individuals if they were not currently being paid; (3) "[r]ecords describing the date and amount of the most recent increase or decrease in salary" for the seventeen individuals; (4) "[r]ecords describing any additional monetary or other benefits (including but not limited, to retirement benefits, severance package, or pension benefits) paid or promised to" three of the seventeen named individuals; and (5) "[d]ocuments relating to expense reimbursement requests" for these three individuals.

Ten days after receiving plaintiff's request for information, defendant sent a letter to plaintiff explaining that defendant was governed by N.C. Gen. Stat. § 131E-257.2, which defendant argued expressly limited to "current salary" the compensation information that a public hospital could release regarding its employees. Defendant thereby only provided plaintiff with: (1) the current salary paid to each current employee of defendant identified by plaintiff; (2) the last salary paid to each former employee of defendant requested by plaintiff; and (3) the dates and amounts of the most recent increase or decrease in salary for the identified individuals. Defendant stated in its letter that the additional information requested by plaintiff did not, "in the opinion of Carolinas Health Care System, fall within the definition of 'salary.' "

Plaintiff took no further action until 12 January 2004, when plaintiff filed suit against defendant under the Public Records Act and the Public Hospital Personnel Act seeking production of the documents and information it had requested earlier. Plaintiff also sought a declaratory judgment that N.C.G.S. § 131E-257.2 "requires the disclosure of, among other personnel information, information concerning any retirement benefits or severance pay promised to or received by former . . . employees [of defendant]." Defendant filed its answer to plaintiff's complaint on 19 February 2004, and plaintiff moved for summary judgment on 26 May 2004.

In an order and judgment entered 2 August 2004, the trial court granted summary judgment in favor of plaintiff, concluding that the

KNIGHT PUBL'G CO. v. CHARLOTTE-MECKLENBURG HOSP. AUTH.

[172 N.C. App. 486 (2005)]

Public Hospital Personnel Act, when read *in pari materia* with the Public Records Act, did not cover the documents and information requested by plaintiff. The trial court ordered defendant to provide the requested personnel information and documents to plaintiff. Defendant filed and served notice of appeal on 4 August 2004 and moved the trial court to stay the proceedings pending appeal. The trial court denied defendant's motion on 16 August 2004. Our Court temporarily stayed the 2 August 2004 order and judgment on 18 August 2004 and granted defendant's writ of supersedeas on 31 August 2004.

A summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). A moving party "has the burden of establishing the lack of any triable issue of fact." *Kidd v. Early*, 289 N.C. 343, 352, 222 S.E.2d 392, 399 (1976). As our Supreme Court has stated:

> The purpose of summary judgment can be summarized as being a device to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue. Two types of cases are involved: (a) Those where a claim or defense is utterly baseless in fact, and (b) those where only a question of law on the indisputable facts is in controversy and it can be appropriately decided without full exposure of trial.

*Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971). In cases "[w]here there is no genuine issue as to the facts, the presence of important or difficult questions of law is no barrier to the granting of summary judgment." *Id.* at 534, 180 S.E.2d at 830.

In the present case, defendant does not argue that there are genuine issues of material fact for trial, nor has defendant assigned error on this ground. This is a proper case for summary judgment because a question of law, being the interpretation of N.C. Gen. Stat. § 131E-257.2 and its legal effect on the undisputed facts, was in controversy. *See Blades v. City of Raleigh*, 280 N.C. 531, 545, 187 S.E.2d 35, 43 (1972) (ruling summary judgment was proper where there was "no substantial controversy as to the facts[,]" only as to the "legal significance of those facts"). While it is undisputed that the information requested from defendant by plaintiff constitutes public records

under the Public Records Act, it is disputed whether the information requested is protected from disclosure under the Public Hospital Personnel Act. The specific issue before this Court is what compensation information regarding public hospital employees is a matter of public record.

Under the Public Records Act, the public generally has liberal access to public records. *Virmani v. Presbyterian Health Services Corp.*, 350 N.C. 449, 462, 515 S.E.2d 675, 685 (1999). "[I]n the absence of clear statutory exemption or exception, documents falling within the definition of 'public records' in the Public Records [Act] must be made available for public inspection." *News and Observer Publishing Co. v. Poole*, 330 N.C. 465, 486, 412 S.E.2d 7, 19 (1992); *see also* N.C. Gen. Stat. § 132.6 (2003) (providing for the inspection and examination of public records). "Public records" are defined as

> all documents, papers, letters, maps, books, photographs, films, sound recordings, magnetic or other tapes, electronic data-processing records, artifacts, or other documentary material, regardless of physical form or characteristics, made or received pursuant to law or ordinance in connection with the transaction of public business by any agency of North Carolina government or its subdivisions.

N.C. Gen. Stat. § 132-1(a) (2003).

Defendant, in the present case, asserts that its personnel records, including the documents requested by plaintiff, are exempted from the Public Records Act by the Public Hospital Personnel Act, and therefore the trial court erred in ordering defendant to produce the documents requested by plaintiff. The Public Hospital Personnel Act provides the following with regard to the privacy of public hospital employee personnel records:

> (a) Notwithstanding the provisions of G.S. 132-6 or any other general law or local act concerning access to public records, personnel files of employees and applicants for employment maintained by a public hospital are subject to inspection and may be disclosed only as provided by this section. For purposes of this section, an employee's personnel file consists of any information in any form gathered by the public hospital with respect to an employee and, by way of illustration but not limitation, relating to the employee's application, selection or nonselection, performance, promotions, demotions, transfers, suspensions and other

disciplinary actions, evaluation forms, leave, salary, and termination of employment. As used in this section, "employee" includes both current and former employees of a public hospital.

N.C. Gen. Stat. § 131E-257.2(a) (2003).

Defendant argues that the General Assembly intended the Public Hospital Personnel Act to be a statutory exception to the Public Records Act, thereby affording greater privacy protection to public hospitals' personnel records than to personnel records of other public entities. To determine a statute's purpose, we must first examine the statute's plain language. *State v. Hooper*, 358 N.C. 122, 125, 591 S.E.2d 514, 516 (2004). " 'Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning.' " *Id.* (quoting *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)). Defendant correctly asserts that N.C.G.S. § 131E-257.2 clearly and unambiguously limits what and when information in the personnel records of public hospitals can be disclosed publicly, notwithstanding the Public Records Act.

The Public Hospital Personnel Act is a very specific statute regarding public hospitals. In the section providing for the privacy of public hospital employee personnel records, the statute explicitly provides that "personnel files of employees and applicants for employment maintained by a public hospital are subject to inspection and may be disclosed *only as provided by this section.*" N.C.G.S. § 131E-257.2(a) (emphasis added). The statute then broadly defines an employee's personnel file as consisting of "*any* information in *any* form gathered by the public hospital with respect to an employee *and,* by way of illustration but not limitation, *relating to* the employee's application, selection or nonselection, performance, promotions, demotions, transfers, suspensions and other disciplinary actions, evaluation forms, leave, salary, and termination of employment." *Id.* (emphasis added).

The plain language of the statute, especially the definition of "personnel file," is virtually identical to the plain language of N.C. Gen. Stat. § 126-22, and to the definition of "personnel file" included therein. *See* N.C. Gen. Stat. § 126-22 (2003). Our Supreme Court, in evaluating N.C.G.S. § 126-22, which provides for the privacy of state employee personnel records, concluded that the General Assembly intended for the personnel files of state employees to be exempt from the Public Records Act. *News and Observer Publishing Co.*, 330 N.C.

at 476, 412 S.E.2d at 14. Therefore, in the present case, like in *News and Observer Publishing Co.*, "[u]nder the plain meaning of the statutory language, any information satisfying the definition of 'personnel file' is excepted from the Public Records Law." *See id.*

Six types of information "with respect to each public hospital employee" listed in subsection (b) of N.C.G.S. § 131E-257.2 are a matter of public record:

(1) Name.

(2) Age.

(3) Date of original employment.

(4) Current position title, current salary, and the date and amount of the most recent increase or decrease in salary.

(5) Date of the most recent promotion, demotion, transfer, suspension, separation or other change in position classification.

(6) The office to which the employee is currently assigned.

N.C. Gen. Stat. § 131E-257.2(b) (2003). Subsection (c) of the statute provides that "[a]ll information contained in a public hospital employees's personnel file, other than the information made public by subsection (b) of this section, is confidential and shall be open to inspection only" in certain instances. N.C. Gen. Stat. § 131E-257.2(c) (2003). When read together, these subsections show that not all of the information or documents included in the personnel file of a public hospital employee is public record. Rather, only the information[1] listed in section (b) is public record. Thus, with regard to a public hospital employee's compensation, only the employee's "current salary, and the date and amount of the [employee's] most recent increase or decrease in salary" are public records.

The determination that N.C.G.S. § 131E-257.2 is an exception to the Public Records Act, is supported by the plain language of additional statutes relating to health care facilities. First, the General Assembly explicitly provided that "[t]he purpose of [the Public Hospital Personnel Act] is to protect the privacy of the personnel records of public hospital employees[.]" N.C. Gen. Stat. § 131E-257(b)

---

1. The plain language of subsection (b) of the statute requires only the *information* with regard to these six items relating to a public hospital employee be public record. The statute does not require specific *documents* to be disclosed except as provided in subsection (c).

(2003). Second, in the Hospital Licensure Act, the General Assembly enacted a statute to address the confidentiality of personnel information, which provides: "the personnel files of employees or former employees, and the files of applicants for employment maintained by a public hospital as defined in G.S. 159-39 . . . are not public records as defined by Chapter 132 of the General Statutes." N.C. Gen. Stat. § 131E-97.1(a) (2003).

Plaintiff argues that the information it requested from defendant, such as "contract and payroll documents," is not included in the definition of "personnel file" in N.C.G.S. § 131E-257.2 because that information is not "gathered" by defendant. Plaintiff further asserts that by using the words "information . . . gathered by the public hospital," *see* N.C.G.S. § 131E-257.2(a), the General Assembly intended to exempt from the Public Records Act *only* "information actually collected by the public hospital about its own employees, such as internal performance reviews or evaluations." Plaintiff thus argues that "personnel file," as it is defined in N.C.G.S. § 131E-257.2, does not cover "contract and payroll documents[,]" which "relate to the expenditure of public monies and to the terms and conditions of public employment," but rather covers only performance information about public hospital employees "for use in making employment or disciplinary decisions."

Plaintiff does not cite any authority supporting its contention. Moreover, plaintiff's narrow definition of "gathered" is not consistent with rules of statutory construction. If a statute "contains a definition of a word used therein, that definition controls," but nothing else appearing, "words must be given their common and ordinary meaning[.]" *In re Clayton-Marcus Co.*, 286 N.C. 215, 219, 210 S.E.2d 199, 203 (1974). Since "gathered" is not defined by the Public Hospital Personnel Act, we must employ its common and ordinary meaning. "Gather" is defined as: (1) "[t]o cause to come together; convene[,]" (2) "[t]o accumulate gradually; amass[,]" (3) "[t]o harvest or pick: *gather flowers*[,]" or (4) "[t]o collect in one place; assemble." The American Heritage Dictionary 550 (2d college ed. 1991). Logically, a personnel file, in the "commonly understood definition of a personnel file," *see Elkin Tribune, Inc. v. Yadkin County Bd. of Commissioners*, 331 N.C. 735, 737, 417 S.E.2d 465, 466 (1992), is comprised of information and documents, including employee contracts and payroll documents, which are amassed, accumulated, and collected into one place by the employer. Contrary to plaintiff's argument in this case, the documents it requested from defendant were

"gathered" by defendant if the documents were amassed or assembled in an employee's personnel file.

The definition of "gathered" in the present case follows our Supreme Court's interpretation of "gathered" in *Elkin Tribune, Inc.* In addressing a question similar to the one before us in the present case, our Supreme Court analyzed N.C. Gen. Stat. § 153A-98, which provides for the privacy of county employee personnel records. *Elkin Tribune, Inc.*, 331 N.C. 735, 417 S.E.2d 465. N.C. Gen. Stat. § 153A-98 contains almost identical language as is contained in N.C.G.S. § 131E-257.2. *See* N.C. Gen. Stat. § 153A-98 (2003). The plaintiffs in *Elkin Tribune, Inc.* argued that a county employee's application for employment was not included in the personnel file because the applications were *sent* to the county, not "gathered" by the county. *Elkin Tribune, Inc.*, 331 N.C. at 737-38, 417 S.E.2d at 467. The plaintiffs therefore argued that the applications they sought were not protected from public disclosure by N.C.G.S. § 153A-98. *Elkin Tribune, Inc.*, 331 N.C. at 737-38, 417 S.E.2d at 467. Our Supreme Court ruled, however, that "gathered" included the applications that were *sent* to the county. *Id.* Although not explicitly defining the term "gathered," the Supreme Court clearly did not interpret "gathered" narrowly, but rather, read "gathered" to mean amassed or collected in one place, which, as discussed above, is how we must now read "gathered" in N.C.G.S. § 131E-257.2.

Having determined, in light of our Supreme Court's decision in *News and Observer Publishing Co.*, that the General Assembly intended N.C.G.S. § 131E-257.2 to be a "clear statutory exemption or exception" to the Public Records Act, and having determined, in light of our Supreme Court's decision in *Elkin Tribune, Inc.*, that the General Assembly intended "gathered" to mean amassed or collected in one place, we now evaluate what compensation-related records are included in a personnel file of a public hospital employee. Defendant contends that " 'current salary' is the *only* compensation information about a public hospital employee that is public record." Specifically, defendant argues that the trial court erred in ordering defendant to produce employment contracts, severance agreements, and "any other documents that describe[d] in whole or in part compensation paid (in any form) to [the persons listed in plaintiff's complaint]," when these documents exceeded the scope of "current salary."

Prior to the enactment of the Public Hospital Personnel Act in 1997, the confidentiality of personnel records for public hospital employees was governed by N.C.G.S. § 131E-97.1, which provided

that "total compensation," among other things, was a matter of public record subject to disclosure. N.C. Gen. Stat. § 131E-97.1(b) (1994). In 1997, the General Assembly repealed this provision in subsection (b) of N.C.G.S. § 131E-97.1, and enacted the Public Hospital Personnel Act, which, as discussed above, provides that with regard to compensation, only an employee's "[c]urrent salary, and the date and amount of the most recent increase or decrease in salary" is a matter of public record. We agree with defendant that because "[t]he legislature is always presumed to act with full knowledge of prior and existing law[,]" *A&F Trademark, Inc. v. Tolson*, 167 N.C. App. 150, 156, 605 S.E.2d 187, 192 (2004), making only "current salary," rather than "total compensation," a matter of public record indicates that the General Assembly deliberately chose to limit public disclosure of a public hospital employee's compensation to the employee's current salary.

The General Assembly's deliberate choice not to have "total compensation" be a matter of public record is further evidenced by the fact that the General Assembly used the broader term "compensation" in other sections of the Public Hospital Personnel Act, enacted at the same time as N.C.G.S. § 131E-257.2. For instance, the General Assembly provided in N.C.G.S. § 131E-257(b) that part of the purpose of the Public Hospital Personnel Act was "to authorize public hospitals to determine employee compensation[.]" N.C.G.S. § 131E-257(b). The General Assembly also used "compensation" in N.C. Gen. Stat. § 131E-257.1, which provides that "[a] public hospital shall determine the pay, expense allowances, and other compensation of its officers and employees[.]" N.C. Gen. Stat. § 131E-257.1(a) (2003). As defendant asserts, "[i]n the absence of contrary indication, it is presumed that no word of any statute is a mere redundant expression. Each word is to be construed upon the supposition that the Legislature intended thereby to add something to the meaning of the statute." *Transportation Service v. County of Robeson*, 283 N.C. 494, 500, 196 S.E.2d 770, 774 (1973). The General Assembly distinguished between "compensation" and "current salary," and consciously chose to use the term "current salary" in deciding what parts of a public hospital employee's personnel file was a matter of public record.

Defendant contends that the "common and ordinary meaning" of "salary" is "[a] fixed compensation for services, paid to a person on a regular basis." *See* The American Heritage Dictionary 1085. Plaintiff advocates for a broader reading of "current salary," arguing that defendant's reading of "salary" is inconsistent. Specifically, plaintiff asserts that defendant is trying to have "personnel file" encompass all

forms of compensation, but to narrowly define "salary" as "fixed compensation." Because subsection (a) of N.C.G.S. § 131E-257.2 defines "personnel file" as consisting of "any information in any form gathered by the public hospital with respect to an employee and, by way of illustration but not limitation, relating to . . . salary," plaintiff argues that "salary" in section (a) and (b) must be read consistently; i.e., "salary" cannot mean "total compensation" in section (a) and mean "fixed compensation" in section (b). We agree. However, the list of items in subsection (a), to which the information in a personnel file must relate, is merely illustrative. The statute explicitly qualifies the list with the phrase: "by way of illustration but not limitation." Other forms of compensation, such as severance agreements, are documents that would normally be included in what is "the commonly understood definition of a personnel file." *See Elkin Tribune, Inc.*, 331 N.C. at 737, 417 S.E.2d at 466. Furthermore, forms of compensation, other than salary, would *relate to* a public hospital employee's "selection or nonselection, performance, promotions," and possibly to the employee's "termination of employment." *See* N.C.G.S. § 131E-257.2(a). Therefore, we are not persuaded by plaintiff's argument that forms of compensation, other than salary, are not part of a public hospital employee's personnel file.

Plaintiff also argues that it offends common sense to "allow public institutions to avoid revealing how public officials are paid simply by shifting the form of pay from fixed salary to bonuses, lump-sum payments, or other forms of compensation." However, plaintiff ignores, as we have established above, that the General Assembly deliberately chose to treat public hospitals differently from other public institutions, by excepting personnel records of public hospital employees from the Public Records Act. Defendant asserts that the General Assembly enacted the Public Hospital Personnel Act to strike a balance between the public's interest in having access to financial information of government entities and the public hospital's need to compete effectively for qualified personnel with private hospitals that are not subject to public records laws. Whatever the General Assembly's policy considerations, the language employed by the General Assembly shows that it was concerned about protecting the confidentiality of public hospital personnel information, thereby specifically exempting this information from broad public access. *Cf. Virmani*, 350 N.C. at 477, 515 S.E.2d at 693 (discussing N.C. Gen. Stat. § 131E-95 and stating "the legislature has determined that this right of access is outweighed by the compelling

countervailing governmental interest in protecting the confidentiality of the medical peer review process").

We reverse the order of the trial court granting plaintiff summary judgment and remand for entry of an order granting summary judgment in favor of defendant.

Reversed and remanded.

Judges CALABRIA and ELMORE concur.