THE NEWS REPORTER CO., INC., D/B/A THE NEWS REPORTER AND ATLANTIC COR-
PORATION, D/B/A THE TABOR-LORIS TRIBUNE, PLAINTIFFS v. COLUMBUS
COUNTY AND JAMES VARNER, IN HIS OFFICIAL CAPACITY AS COLUMBUS COUNTY
MANAGER, DEFENDANTS

No. COA06-616

(Filed 3 July 2007)

**Public Records— letter from county employee—county
medical director contract—personnel file exemption—
redaction**

A letter written by a county employee, who was required to
work with the county medical director, an independent contrac-
tor, and sent to the board of commissioners in connection with its
decision regarding the county medical director contract was a
public record under the Public Records Act. However, portions of
the letter discussing the county employee's experiences in work-
ing with the current medical director constitute personnel file
information gathered by the county with respect to the letter
writer and are exempt from disclosure pursuant to N.C.G.S.
§ 153A-98(a) so that those portions must be redacted before the
letter is disclosed to plaintiff newspapers. Portions of the letter
regarding a recommendation for medical director and describing
the employee's interaction with the board were not exempt from
disclosure under the Public Records Act.

Appeal by plaintiffs from order entered 20 February 2006 by
Judge Gary L. Locklear in Columbus County Superior Court. Heard in
the Court of Appeals 16 November 2006.

*Everett Gaskins Hancock & Stevens, LLP, by Hugh Stevens and
C. Amanda Martin, for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, PLLC, by Mark A. Davis and
James R. Morgan, Jr.; and Columbus County Attorney's Office,
by Steve Fowler, for defendants-appellees.*

GEER, Judge.

This appeal arises from the refusal of defendant Columbus
County and its County Manager, defendant James Varner, to make
available to plaintiff newspapers, under the Public Records Act, N.C.
Gen. Stat. §§ 132-1 *et seq.* (2005), a letter prepared by a county em-
ployee and sent to the Columbus County Board of Commissioners

regarding the Columbus County medical director contract. Based upon our review of the letter, we hold that the trial court erred in concluding that the entire letter was protected from disclosure under exceptions to the Public Records Act as applicable to counties. While portions of the letter are protected from disclosure, those portions can be redacted, and the remainder—falling within the Public Records Act—provided to plaintiffs.

## Facts

In 2004, Ronald Hayes was employed as the Director of Emergency Services for Columbus County and reported directly to Varner. Hayes was required, in his job, to work with Dr. Fred Obrecht, who had a contract with the County to serve as the County's medical director. That contract expired on 1 July 2004, and, in 2005, the Columbus County Board of Commissioners ("the Board") was considering whether to renew the contract. In September 2005, Hayes wrote a letter to the Board and its personnel committee, discussing in part his experience working with Dr. Obrecht. The letter also recommended Dr. Peggy Barnhill for the position of medical director. On 19 September 2005, the Board announced that it was extending Dr. Obrecht's contract.

Plaintiffs' request for a copy of Hayes' letter was denied by defendants. On 21 October 2005, plaintiffs filed suit against the County and Varner, seeking a declaratory judgment that the letter was a public record as defined by N.C. Gen. Stat. § 132-1 (2005) and an order compelling defendants to allow plaintiffs to view and copy the letter. Defendants filed an answer denying that the letter was a public record and, on 30 January 2006, moved for summary judgment.

On 20 February 2006, the trial court entered summary judgment in favor of defendants in a summary decision, concluding only "that there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law." Plaintiffs timely appealed from this order.

## Discussion

The parties do not, on appeal, point to any issues of material fact for trial. Indeed, the pertinent facts are undisputed. The questions before this Court are: (1) is the letter sent by Hayes to the Board a "public record" within the meaning of the Public Records Act, N.C. Gen. Stat. § 132-1, and (2) if so, is the letter exempted from disclosure as a personnel record under N.C. Gen. Stat. § 153A-98

(2005)? These questions present issues of law regarding the interpretation of §§ 132-1 and 153A-98 as applied to the undisputed facts. This case is, therefore, "a proper case for summary judgment." *Knight Publ'g Co. v. Charlotte-Mecklenburg Hosp. Auth.*, 172 N.C. App. 486, 488, 616 S.E.2d 602, 604, *disc. review denied*, 360 N.C. 176, 626 S.E.2d 299 (2005).

"Under the Public Records Act, the public generally has liberal access to public records." *Id.* at 489, 616 S.E.2d at 605. The parties, however, first dispute whether Hayes' letter constitutes a "public record" under that Act. N.C. Gen. Stat. § 132-1 defines "public record" as meaning:

all documents, papers, letters, maps, books, photographs, films, sound recordings, magnetic or other tapes, electronic data-processing records, artifacts, or other documentary material, regardless of physical form or characteristics, *made or received pursuant to law or ordinance in connection with the transaction of public business* by any agency of North Carolina government *or its subdivisions.* Agency of North Carolina government or its subdivisions shall mean and include every public office, public officer or official (State or local, elected or appointed), institution, *board,* commission, bureau, council, department, authority or other unit of government of the State *or of any county,* unit, special district or other political subdivision of government.

N.C. Gen. Stat. § 132-1(a) (emphases added).

It is undisputed that Hayes' letter was written by a county employee, who was required to work with the medical director, and was received by the Board in connection with its decision regarding whom to hire as medical director, an independent contractor of the County. We hold that, under these circumstances, the Hayes letter constituted a public record. *See Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 462, 515 S.E.2d 675, 685 (1999) ("The term 'public records,' as used in N.C.G.S. § 132-1, includes all documents and papers made or received by any agency of North Carolina government in the course of conducting its public proceedings.").

Our Supreme Court has held that "in the absence of clear statutory exemption or exception, documents falling within the definition of 'public records' in the Public Records Law must be made available for public inspection." *News & Observer Publ'g Co. v. Poole*, 330 N.C. 465, 486, 412 S.E.2d 7, 19 (1992). N.C. Gen. Stat. § 132-6(a) (2005)

specifically provides: "Every custodian of public records shall permit any record in the custodian's custody to be inspected and examined at reasonable times and under reasonable supervision by any person, and shall, as promptly as possible, furnish copies thereof upon payment of any fees as may be prescribed by law."

Defendants, however, contend that the Hayes letter falls within the statutory exemption provided by N.C. Gen. Stat. § 153A-98, which provides in pertinent part:

> (a) *Notwithstanding the provisions of G.S. 132-6* or any other general law or local act concerning access to public records, personnel files of employees . . . maintained by a county are subject to inspection and may be disclosed only as provided by this section. For purposes of this section, an employee's personnel file consists of any information in any form gathered by the county with respect to that employee and, by way of illustration but not limitation, relating to his application, selection or nonselection, performance, promotions, demotions, transfers, suspension and other disciplinary actions, evaluation forms, leave, salary, and termination of employment. . . .
>
> . . . .
>
> (c) All information contained in a county employee's personnel file, other than the information made public by subsection (b) of this section, is confidential and shall be open to inspection only in the following instances . . . .

(Emphasis added.) Our Supreme Court has held that if a document falls within the scope of N.C. Gen. Stat. § 153A-98(a), then it is "not governed by N.C.G.S. § 132-6 of the Public Records Act because N.C.G.S. § 153A-98 provides such inspection and disclosure may only be done as provided by that section." *Elkin Tribune, Inc. v. Yadkin County Bd. of County Comm'rs*, 331 N.C. 735, 736, 417 S.E.2d 465, 466 (1992).

Hayes' letter addresses in part his experiences working with Dr. Obrecht, as well as providing information about another possible candidate for medical director. Because Dr. Obrecht was an independent contractor, defendants appropriately do not argue that the letter is entitled to protection under § 153A-98 as a personnel record of Dr. Obrecht. Instead, defendants contend that the letter constitutes a "personnel record" because it relates to Hayes' performance as a county employee and it was placed in his personnel file.

Initially, plaintiffs argue that § 153A-98 does not apply because Hayes' letter was not "gathered" by the Board, but rather was voluntarily sent by Hayes to the Board. This argument has previously been rejected by both the Supreme Court and this Court. *See Elkin Tribune*, 331 N.C. at 737-38, 417 S.E.2d at 467 (rejecting contention that county employee's application for employment was not included in personnel file because applications were sent to the county rather than "gathered" by the county); *Knight Publ'g*, 172 N.C. App. at 492-93, 616 S.E.2d at 607 ("Contrary to plaintiff's argument in this case, the documents it requested from defendant were 'gathered' by defendant if the documents were amassed or assembled in an employee's personnel file.").

On the other hand, we disagree with defendants' suggestion that the fact defendant Varner chose to place the letter in Hayes' personnel file has any bearing on whether that letter falls within the scope of § 153A-98. Whether a document is part of a "personnel file," within the meaning of § 153A-98(a), depends upon the nature of the document and not upon where the document has been filed. *See Poole* 330 N.C. at 476, 412 S.E.2d at 14 ("Under the plain meaning of the statutory language, *any information* satisfying the definition of 'personnel file' is excepted from the Public Records Law." (emphasis added)). As plaintiff points out, a contrary holding would transform a newspaper clipping discussing an employee's performance into a confidential record if that clipping happened to be filed in the employee's official personnel file.

Further, defendants' contention would allow governmental officials to avoid disclosure of a document under the Public Records Act simply by placing a document in an employee's file. Our Supreme Court has held that "[a] custodian of such 'public records' has no discretion to prevent public inspection and copying of such records." *Virmani*, 350 N.C. at 465, 515 S.E.2d at 686. Focusing on where the document is stored would, however, grant the custodian precisely the discretion precluded by the Public Records Act. Indeed, this Court has previously held that the Public Records Act may not be interpreted in a way that allows "municipalities and other governmental agencies [to] skirt[] the public records disclosure requirements" by lodging public records "that municipalities and agencies [choose] to shield from public scrutiny" in a particular location not generally subject to disclosure. *Womack Newspapers, Inc. v. Town of Kitty Hawk*, 181 N.C. App. 1, 13-14, 639 S.E.2d 96, 105 (2007) (holding that town could not place public records with independent contractor in order to escape public records disclosure requirements).

**NEWS REPORTER CO. v. COLUMBUS CTY.**

[184 N.C. App. 512 (2007)]

After examining the letter at issue, we believe that the portions discussing Hayes' interactions with Dr. Obrecht constitute "any information in any form gathered by the county with respect to that employee . . . relating to his . . . performance . . . ." N.C. Gen. Stat. § 153A-98(a). The letter does not comment on Dr. Obrecht's qualifications, skill, or reputation as a physician or on whether Dr. Obrecht's medical skills and training were a good match for the County's needs, but rather discusses Hayes' ability to work with Dr. Obrecht. We believe that the letter, to the extent it discusses Dr. Obrecht, also relates to Hayes' performance as a county employee.

Plaintiffs, however, point to *Poole*, 330 N.C. at 476, 412 S.E.2d at 14, as requiring that the letter "relate to at least one of the enumerated activities *by the employer* with respect to the individual employee." (Emphasis supplied by plaintiffs.) The Supreme Court in *Poole* was, however, construing a different statute: N.C. Gen. Stat. § 126-22 (1987). That statute provided that the information constituting a personnel file must "relate[] to the individual's application, selection or nonselection, promotions, demotions, transfers, leave, salary, suspension, *performance evaluation forms*, disciplinary actions, and termination of employment" (emphasis added)— all areas involving action by the employer, as the Supreme Court held. *See id.* at 476, 412 S.E.2d at 14. In contrast, N.C. Gen. Stat. § 153A-98(a) specifically references "performance" generally and, in any event, contains a list that is "merely illustrative," *Knight Publ'g*, 172 N.C. App. at 495, 616 S.E.2d at 608, as indicated by the qualification that the list is "by way of illustration but not limitation," N.C. Gen. Stat. § 153A-98(a). We, therefore, hold that the portions of the letter addressing Hayes' experience with Dr. Orbecht fall within § 153A-98(a).

The Hayes letter is not, however, limited to discussing Dr. Orbecht, but also addresses Hayes' recommendation of Dr. Peggy Barnhill for the position of county medical director. In addition, it contains a paragraph describing Hayes' interactions with the Board regarding its process in making decisions relating to the medical director contract. This paragraph explains how Hayes came to write the letter.

N.C. Gen. Stat. § 153A-98(a) does not protect all information "with respect to" an employee. Instead, it requires both (1) that the information be "with respect to" the employee, and (2) that it "relat[e] to" a list of subjects arising out his employment, although that list is

"by way of illustration but not limitation." *Id.* Thus, although the precise test articulated in *Poole* does not apply, § 153A-98(a) still requires, at least, that the information relate to the employee's employment with the governmental body.[1]

We can perceive no basis for considering the Barnhill portion of the letter or the description of the Board's conduct to be "any information" gathered by the County "with respect to" the types of matters governed by § 153A-98(a) regarding Hayes' employment with the County. *Id.* Thus, a portion of the letter is covered by § 153A-98(a), but a portion of the letter is not. N.C. Gen. Stat. § 132-6(c) specifies that "[n]o request to inspect, examine, or obtain copies of public records shall be denied on the grounds that confidential information is commingled with the requested nonconfidential information." The statute specifically provides that a governmental body may be required "to separate confidential from nonconfidential information in order to permit the inspection . . . ." *Id.*

Accordingly, defendants may redact those portions of the Hayes letter protected from disclosure by § 153A-98, but must produce the remaining portions. Based upon our review of the letter, defendants are directed to redact the last sentence of the first paragraph of the letter (beginning "However . . . .") and the entirety of the letter's second paragraph (beginning "We have . . . ."), third paragraph (beginning "There have . . . ."), and sixth paragraph (beginning "I feel . . . ."). The first sentence of the fourth paragraph (beginning "As you gentlemen are aware . . . .") must also be redacted. The remainder of the first paragraph, together with the remainder of the fourth paragraph (beginning "As you are also aware . . . .") and the fifth paragraph (beginning "At this time . . . .") must be provided to plaintiffs.

Affirmed in part and reversed in part.

Judges LEVINSON and JACKSON concur.

---

1. We are not required by this appeal to examine the precise scope of this second requirement of § 153A-98(a).