HENRY T. TURNER, First Party Plaintiff AMERICAN SECURITY INSUR-
ANCE COMPANY, Second Party Plaintiff v. RAYMOND MASIAS, First
Party Defendant ROBERT HUGH PEARSON, Second Party Defendant
ALLSTATE INSURANCE COMPANY, Third Party Defendant

No. 777DC363

(Filed 2 May 1978)

1. **Insurance § 92— "other insurance" clause—financial responsibility law not con-
   travened**

   A paragraph of defendant Allstate's uninsured motorist coverage contract
   which provided that "any amount payable to an insured under the terms of
   this endorsement shall be reduced by . . . the amount paid or payable to such
   an insured under any policy of property insurance" was a valid and en-
   forceable provision and did not violate the terms or intent of the Motor Vehi-
   cle Safety-Responsibility Act of 1953, G.S. 20-279.1 through G.S. 20-279.39.

2. **Insurance § 92— "other insurance" clause—financial responsibility law not con-
   travened**

   "Other insurance" clauses in policies providing uninsured motorist
   coverage may not be enforced if such enforcement results in limiting an in-
   sured to recovery of an amount equal only to the coverage compelled by the
   Motor Vehicle Safety-Responsibility Act when the actual damages suffered by
   the insured are greater than that amount, but the use of such "other in-
   surance" clauses to establish the rights of insurers in cases in which the
   damages are less than the coverage required by the Act are not offensive to
   either the terms or intent of the Act.

APPEAL by plaintiffs from *Carlton, Judge.* Judgment entered
15 February 1977 in District Court, EDGECOMBE County. Heard in
the Court of Appeals 9 February 1978.

The material facts giving rise to this appeal are uncontested.

On 3 October 1974, Henry T. Turner's automobile was struck
from behind by an automobile driven by Raymond Masias and
owned by Robert Hugh Pearson. The Turner automobile was
destroyed, and he and his wife were injured.

Turner carried collision insurance with American Security In-
surance Company [hereinafter "American"] and liability insurance
with Allstate Insurance Company [hereinafter "Allstate"].
American paid Turner $1,856.50 on 18 October 1974. This pay-
ment represented a settlement of Turner's claim for damages in
the amount of $1,916.50 under his collision insurance policy with
American which contained a clause providing for $50 deduction

from actual property damages and $25 deduction from actual towing costs prior to payment.

It was later discovered that Masias had stolen the Pearson automobile and that his possession and use of it at the time of the collision with the Turner automobile was neither permissive nor lawful. The parties stipulated that the vehicle driven by Masias and owned by Pearson was an uninsured motor vehicle as defined in General Statute 20-279.21(b) at the time of the collision. Additionally, it was stipulated that, at the time of the collision, Masias was wilfully or recklessly negligent, and this negligence proximately caused Turner's property damage.

American, by virtue of its payment to Turner, succeeded by subrogation to any and all rights of Turner against Allstate in connection with the accident. American, subsequent to its payment to Turner, made demand on Allstate to comply with G.S. 20-279.21 and specifically to reimburse the plaintiffs for property damage sustained in the accident. Allstate, which provided Turner's liability insurance and uninsured motorist insurance under a policy having a $100 deductible clause, refused to reimburse the plaintiffs.

The plaintiffs, Turner and American, then brought this action against Allstate for Turner's property damages. Allstate raised as its defense paragraph 5(d) of its contract of insurance providing uninsured motorist coverage which states: "Any amount payable to an insured under the terms of this endorsement shall be reduced by . . . the amount paid or payable to such an insured under any policy of property insurance." American and Allstate stipulated that, as between them, there were no questions of fact to be decided by the trial court. Allstate moved for summary judgment.

The trial court found that the damages sought by the plaintiffs were $1,916.50, and the uninsured motorist coverage undertaken by Allstate had a $100 deductible provision. The trial court concluded that the maximum amount Allstate could be held liable for was $1,816.50, which was less than that amount already paid to the plaintiff, Turner. Therefore, the trial court determined that Turner had been made whole for any damages, and that American was the only plaintiff with any interest in the outcome of the litigation.

The trial court concluded that the sole question to be decided, as between American and Allstate, was whether paragraph 5(d) of Allstate's contract for uninsured motorist coverage is a valid provision under G.S. 20-279.21. The trial court concluded this provision of the contract was valid and lawful and granted Allstate's motion for summary judgment. From this judgment, Turner and American appealed.

*Grover Prevatte Hopkins, by Herbert Frank Allen, for plaintiff appellants.*

*Moore, Diedrick & Whitaker, by L. G. Diedrick, for defendant appellee, Allstate Insurance Company.*

MITCHELL, Judge.

[1] The sole question presented by this appeal is whether paragraph 5(d) of Allstate's uninsured motorist coverage contract is a valid and enforceable provision and does not violate the terms or intent of the Motor Vehicle Safety-Responsibility Act of 1953, G.S. 20-279.1 through G.S. 20-279.39 [hereinafter the "Act"]. American contends that the reduction clause in Allstate's uninsured motorist policy frustrates the intent and violates the terms of G.S. 20-279.21(b)(3), which requires that:

> No policy of bodily injury liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this State with respect to any motor vehicle . . . unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of G.S. 20-279.5. . . . Such provisions shall include coverage for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of injury to or destruction of the property of such insured, with a limit in the aggregate for all insureds in any one accident of Five Thousand Dollars ($5,000) and subject, for each insured, to an exclusion of the first One Hundred Dollars ($100.00) of such damages.

[2] It is clear that "other insurance" clauses in policies providing uninsured motorist coverage may not be enforced if such enforcement results in limiting an insured to recovery of an amount

equal only to the coverage compelled by the Act, when the actual damages suffered by the insured are greater than that amount. In *Moore v. Insurance Co.*, 270 N.C. 532, 543, 155 S.E. 2d 128, 136 (1967), the Supreme Court of North Carolina stated:

> In our opinion our statute is designed to protect the insured as to his actual loss within such limits, but being of statutory origin it was not intended by the General Assembly that an insured shall receive more from such coverage than his actual loss, although he is the beneficiary under multiple policies issued pursuant to the statute. It seems clear that our statute does not limit an insured only to one $5,000 recovery under said coverage where his loss for bodily injury or death is greater than $5,000, and he is the beneficiary of more than one policy issued under G.S. 20-279.21(b)(3).

The problem presented by the present case, however, differs from that presented in *Moore*. Here, the injured insured has been made entirely whole by the coverage provided under the collision policy of American. Although the "other insurance" clause in Allstate's uninsured motorist coverage would be invalid to prevent the insured from being made whole, we do not find the use of such clauses to establish the rights of insurers in cases in which the damages were less than the coverage required by the Act to be offensive to either the terms or intent of the Act. *See generally*, Annot. 28 A.L.R. 3d 551 (1969). The fact that two policies of insurance of different types are combined to provide the uninsured motorist coverage required by the Act does not contravene its terms and, in fact, is specifically provided for. G.S. 20-279.21(j); *see, Insurance Co. v. Insurance Co.*, 269 N.C. 341, 152 S.E. 2d 436 (1967).

The "other insurance" clause of Allstate's uninsured motorist policy does not violate the intent of the Act upon the facts presented by this case. As the Supreme Court of Florida has stated:

> There is no basis in the record before us for the conclusion that public policy will be violated by the enforcement of clause 3(b)(4) [similar to Allstate's 5(d)] although we cannot and do not hold that this will be true in every case. For aught that appears here, sufficient financial responsibility is

provided for the protection of the public, and this is nothing more than a contest between insurance companies.

*Continental Cas. Co. v. Weekes*, 74 So. 2d 367, 46 A.L.R. 2d 1159 (1954), quoted with approval in *Insurance Co. v. Insurance Co.*, 269 N.C. 341, 353, 152 S.E. 2d 436, 445 (1966).

Neither the language of the Act nor the public policy served by it is concerned with which insurance company makes the insured whole, so long as the "other insurance" clause is not used to defeat recovery of actual damages by an insured who has not rejected uninsured motorist coverage. The insured having recovered his actual damages in this action, the trial court did not err in granting summary judgment in favor of Allstate and against American.

As we have found the "other insurance" clause of Allstate's policy does not on these facts violate the Act, Allstate is entitled to have that clause enforced as written. Where, as here, a contract is not contrary to public policy or prohibited by statute, the constitutional guarantee of freedom to contract requires that it be enforced. *Muncie v. Insurance Co.*, 253 N.C. 74, 116 S.E. 2d 474 (1960).

As pointed out by the trial court, Turner has recovered more under American's $50 deductible collision policy than he would have recovered under Allstate's $100 deductible uninsured motorist coverage. As he has been made whole, the trial court committed no error in granting summary judgment in favor of Allstate and against him.

We hold the judgment of the trial court was proper, and it is

Affirmed.

Judges MORRIS and CLARK concur.