BRIAN Z. FRANCE, PLAINTIFF-APPELLANT v. MEGAN P. FRANCE, DEFENDANT-APPELLEE

No. COA10-313
No. COA10-425

(Filed 1 February 2011)

**1. Jurisdiction— subject matter—order entered after appeal— trial court divested of jurisdiction**

A trial judge's order granting movant's request to have the proceedings in a domestic action open to the public was a nullity where the order was entered after plaintiff's appeal from the trial judge's first order denying plaintiff's motion to have the proceedings in the action closed. The trial court was without jurisdiction to hear movant's motion because jurisdiction in the matter had transferred to the Court of Appeals.

**2. Appeal and Error— interlocutory orders and appeals—a substantial right affected—immediately appealable**

Plaintiff's appeal from the trial court's interlocutory order denying plaintiff's motion to have the proceedings in a domestic action closed affected a substantial right and was immediately appealable.

FRANCE v. FRANCE

[209 N.C. App. 406 (2011)]

**3. Courts— public access to proceedings—no compelling countervailing public interests**

Judge Culler's order denying plaintiff's motion to close the proceedings in a domestic case did not impermissibly overrule Judge Owens' previously entered order sealing the documents filed in the domestic case. Moreover, Judge Culler correctly ruled that there were no compelling countervailing public interests as related to these parties which outweighed the public's right of access to open court proceedings.

Appeals by Plaintiff from orders entered 13 November 2009 (COA10-313) and 18 December 2009 (COA10-425) by Judge Jena P. Culler in District Court, Mecklenburg County. Heard in the Court of Appeals 28 September 2010. Pursuant to N.C.R. App. P. 40, these cases were consolidated for hearing as the issues presented by Plaintiff's appeals to this Court involve common questions of law.

*Horack Talley Pharr & Lowndes, P.A., by Kary C. Watson and Gena Graham Morris; and Alston & Bird, LLP, by John E. Stephenson, Jr., for Plaintiff-Appellant..*

*Davis & Harwell, P.A., by Joslin Davis and Loretta C. Biggs, for Defendant-Appellee.*

*K&L Gates LLP, by Raymond E. Owens, Jr. and Christopher C. Lam, for Media Movants.*

McGEE, Judge.

Plaintiff and Defendant entered into a Contract of Separation, Property Settlement, Child Support, Child Custody and Alimony Agreement (the Agreement) on 17 December 2007. One of the provisions of the Agreement concerned confidentiality. Plaintiff and Defendant agreed that "neither party [would] disclose any financial information relating to the other party or any provision of th[e] Agreement to anyone except" certain professionals, such as their attorneys and financial advisors, unless compelled by law. Plaintiff and Defendant further agreed to keep private certain personal information regarding each other "unless either party is legally compelled to disclose any such information[.]" The Agreement stated that breach of the confidentiality provision would constitute a material breach. In the final paragraph of the confidentiality clause, Plaintiff and Defendant agreed

that if either of them institutes or responds to litigation that relates to and requires disclosure of any of the terms of th[e] Agreement, [Plaintiff and Defendant] agree to use their best efforts so that any reference to the terms of th[e] Agreement and the Agreement itself will be filed under seal, with prior notice to the other party.

Plaintiff filed a complaint against Defendant on 11 September 2008, 08 CVD 20661, seeking an order directing the Mecklenburg County Clerk of Superior Court to seal Plaintiff's complaint and any future pleadings and documents filed in that action. Plaintiff amended his complaint on 17 September 2008. Judge N. Todd Owens issued an order (Judge Owens' order) on 18 December 2008 in which he ruled:

The Clerk of Superior Court shall seal the pleadings and other documents [and] [t]he Clerk . . . is directed to file under seal any pleadings and documents filed in any subsequent actions between the parties related to the Agreement [and all such pleadings, documents, and orders] may be unsealed only by further order of the [c]ourt, after reasonable notice to the parties.

Judge Owens based his ruling on conclusions of law[1] that:

2. There is a compelling countervailing public interest in protecting the privacy of the parties as relates to the provisions of the Agreement concerning their young children and their financial affairs, and in avoiding damage or harm to the parties, their business interests, and their children which could result from public access to such provisions of the Agreement.

3. There is a compelling countervailing public interest in protecting the sanctity of contracts such as the Agreement, where people bargain for and agree upon a mechanism to resolve future disputes in a confidential manner and other contract terms which are not contrary to law, and where each party relies on the other party to perform his or her obligations under the contract.

4. The aforesaid countervailing public interests in paragraphs 2 and 3 above outweigh the public's interest in access to the documents filed in this court proceeding and in future proceedings between the parties concerning the Agreement.

---

1. Though not labeled "conclusions of law" in Judge Owens' order, we look past the labels and treat conclusions as conclusions. *In re R.A.H.*, 182 N.C. App. 52, 60, 641 S.E.2d 404, 409 (2007) ("If a finding of fact is essentially a conclusion of law it will be treated as a conclusion of law which is reviewable on appeal." (citations, quotation marks, ellipses, and brackets omitted)).

5. The Court has considered whether there are alternatives to sealing the court files in order to protect the public interests referred to in paragraphs 2 and 3 above, and finds there are no such alternatives.

Plaintiff then filed a new complaint, under seal, on 31 December 2008 (the complaint), 08 CVS 28389, in which Plaintiff alleged Defendant had violated certain terms of the Agreement, including the confidentiality clause. Plaintiff specifically referenced Judge Owens' order and incorporated it in the complaint. Plaintiff's first claim for relief was for rescission of the Agreement, which, we note, would render void the confidentiality clause. Plaintiff's alternate claims for relief were for specific performance and breach of contract. Defendant filed an answer, affirmative defenses, and counterclaim on 5 March 2009.

Plaintiff filed motions to seal the proceedings and for a preliminary injunction on 29 September 2009. These motions were heard before Judge Jena P. Culler on 15 October 2009. Defendant joined Plaintiff in seeking to have the proceedings in the action closed. By order filed 13 November 2009 (Judge Culler's first order), Judge Culler denied both Plaintiff's motion to close the proceedings and Plaintiff's motion for a preliminary injunction. Judge Culler further ordered: "Proceedings in this case shall be conducted in open court." Judge Culler based her ruling on her conclusion of law that: "Although both parties affirmatively sought the relief of closing the court proceedings in this litigation, there are no compelling countervailing public interests as related to these parties which outweigh the public's right and access to open court proceedings." Plaintiff appealed Judge Culler's first order on 13 November 2009.

The Charlotte Observer Publishing Company and WCNC-TV, Inc. (Media Movants) filed a motion to determine access to judicial proceedings and documents in these matters on 17 November 2009, whereby they requested that Judge Culler "[o]rder [that] the court-room remain open to the public and press in both 08 CVD 20661 and 08 CVD 28389" and that she also order that "the records and court files in both [actions] be unsealed[.]" Judge Culler heard Media Movant's motion on 11 December 2009. In an order filed 18 December 2009 (Judge Culler's second order), Judge Culler acknowledged Judge Owens' order. In Judge Culler's second order, she stated that she had previously ordered the proceedings to be open. Judge Culler then ordered that all "proceedings in connection with 08 CVD 20661

shall be open to the public [and that] the court has already ordered that all courtroom proceedings in connection with 08 CVD 28389 shall be open, and that order has been appealed [and that all court files relating to both 08 CVD 20661 and 08 CVD 28389] shall be unsealed." Judge Culler based her rulings on conclusions of law that there were "no compelling countervailing public or governmental interest[s] sufficient" to keep the court filings under seal, or to conduct the proceedings in a closed courtroom. Judge Culler further concluded that:

> 4. There [are] no compelling countervailing public or governmental interest[s] to be protected as it relates to the parties that outweighs the public's longstanding presumptive right to open courts as espoused in the North Carolina Constitution, North Carolina statutory law, . . . and the related case law[.]

Judge Culler's second order was to be "effective at 12:00 p.m. on December 31, 2009." Plaintiff filed notice of appeal from Judge Culler's second order on 21 December 2009 and also filed a motion to stay Judge Culler's second order. In an order entered that same day, Judge Culler denied Plaintiff's motion to stay. By motion filed 22 December 2009, Plaintiff moved our Court to stay Judge Culler's first and second orders. By order entered 23 December 2009, our Court granted Plaintiff's motion to stay "pending determination of [Plaintiff's] petition for writ of supersedeas." On 4 January 2010, our Court granted Plaintiff's petition for writ of supersedeas, and stayed implementation of Judge Culler's first and second orders "pending further orders of this Court."

*Plaintiff's Second Appeal (COA10-425)*

[1] Plaintiff appealed Judge Culler's first order on 13 November 2009. As our Court held in *RPR & Assocs. v. University of N.C.-Chapel Hill*, 153 N.C. App. 342, 346-47, 570 S.E.2d 510, 513-14 (2002),

> [a]s a general rule, once a party gives notice of appeal, such appeal divests the trial court of its jurisdiction, and the trial judge becomes *functus officio*. *See Bowen v. Motor Co.*, 292 N.C. 633, 635, 234 S.E.2d 748, 749 (1977); *Sink v. Easter*, 288 N.C. 183, 197, 217 S.E.2d 532, 541 (1975). *Functus officio*, which translates from Latin as "having performed his o[r] her office," is defined as being "without further authority or legal competence because the duties and functions of the original commission have been fully accomplished." Thus, when a court is *functus officio*, it has completed its duties pending the decision of the appellate court. The

principle of *functus officio* stems from the general rule that two courts cannot ordinarily have jurisdiction of the same case at the same time. *See Wiggins v. Bunch*, 280 N.C. 106, 110, 184 S.E.2d 879, 881 (1971).

It follows from the principle of *functus officio* that if a party appeals an immediately appealable interlocutory order, the trial court has no authority, pending the appeal, to proceed[.]

Judge Culler's second order was entered on 18 December 2009, following a hearing that was held 11 December 2009. Plaintiff's appeal of Judge Culler's first order on 13 November 2009 divested the trial court of jurisdiction in the matter[2] and jurisdiction transferred to this Court. Thus, Judge Culler's second order is a nullity because the trial court was without jurisdiction to hear the matter on 11 December 2009. *See Hall v. Cohen*, 177 N.C. App. 456, 458, 628 S.E.2d 469, 471 (2006) ("As a general rule, an appellate court's jurisdiction trumps that of the trial court when one party files a notice of appeal unless the case has been remanded from the appellate court for further determination in the trial court.") (Citations omitted). We therefore must vacate Judge Culler's second order. *RPR & Assocs.*, 153 N.C. App. at 346-47, 570 S.E.2d at 513-14.

### Plaintiff's First Appeal (COA10-313)

[2] We first note that Plaintiff attempts to appeal from an interlocutory order because Judge Culler's first order does not finally dispose of all issues in these actions. *Embler v. Embler*, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001). "[A]n immediate appeal may be taken from an interlocutory order . . . when the challenged order affects a substantial right of the appellant that would be lost without immediate review." *Id.* at 165, 545 S.E.2d at 261 (citations omitted). Absent immediate review, documents that have been ordered sealed will be unsealed, and proceedings will be held open to the public. Because the only manner in which Plaintiff may prevent this from happening is through immediate appellate review, we hold that a substantial right of Plaintiff is affected by Judge Culler's first order and thus immediate appeal is proper in this case. *See Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 23-24, 541 S.E.2d 782, 786 (2001).

[3] It is well established that one trial court judge may not overrule another trial court judge's conclusions of law when the same issue is

---

2. We hold below that Judge Culler's first order was immediately appealable. *See RPR & Assocs.*, 153 N.C. App. at 347, 570 S.E.2d at 514.

FRANCE v. FRANCE

[209 N.C. App. 406 (2011)]

involved. " '[N]o appeal lies from one Superior Court judge to another; . . . one Superior Court judge may not correct another's errors of law; and . . . ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.' " *State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003) (citation omitted). In the present case, Judge Owens ruled as a matter of law that: "There are compelling counter-vailing public interests which outweigh the public's interest in access to the documents filed in court proceedings between the parties concerning the Agreement." In Judge Culler's first order, Judge Culler ruled as a matter of law that "there are no compelling countervailing public interests as related to these parties which outweigh the public's right and access to open court proceedings." Based upon this conclusion of law, Judge Culler denied Plaintiff's motion to close the proceedings, and ordered that the matter proceed in open court.

Though Judge Owens and Judge Culler were required to conduct the same legal analysis in making their respective rulings, the factual situations before them were different. Judge Owens' order is limited to a ruling that all pleadings and documents in any action related to the Agreement be sealed. Judge Culler's first order is limited to a ruling that the actual court proceedings, and the courtroom, remain open to the public. Judge Culler's first order did not address the pleadings and other documents related to the actions before us. Because Judge Culler's first order did not rule that the pleadings and documents in these actions should be unsealed, Judge Culler's first order does not impermissibly overrule Judge Owens' order.[3] *See State v. Woolridge*, 357 N.C. 544, 549-50, 592 S.E.2d 191, 194-95 (2003); *Adkins v. Stanly County Bd. of Educ.*, —— N.C. App. ——, 692 S.E.2d 470 (2010). Because we have held that Judge Culler was without jurisdiction to enter her second order, we do not address Judge Culler's apparent attempt to modify, overrule, or change the judgment rendered in Judge Owens' order.

We must now decide whether Judge Culler was correct in ruling that "there are no compelling countervailing public interests as

---

3. We do not believe the portion of Judge Owens' order stating that the documents in the case "may only be unsealed by further order of the [c]ourt" provided Judge Culler authority to overrule Judge Owens' conclusions of law absent a finding of changed circumstances. *See Morris v. Gray*, 181 N.C. App. 552, 552-53, 640 S.E.2d 737, 738 (2007) ("Unless a material change of circumstances in the situations of the parties so warrants, one trial judge cannot modify, overrule, or change the judgment of another, equivalent trial judge.") (citation omitted).

FRANCE v. FRANCE

[209 N.C. App. 406 (2011)]

related to these parties which outweigh the public's right and access to open court proceedings." Our Supreme Court has stated:

> "The paramount duty of the trial judge is to supervise and control the course of the trial so as to prevent injustice." Thus, even though court records may generally be public records under N.C.G.S. § 132-1, a trial court may, in the proper circumstances, shield portions of *court proceedings* and records from the public; the power to do so is a necessary power rightfully pertaining to the judiciary as a separate branch of the government, and the General Assembly has "no power" to diminish it in any manner. N.C. Const. art. IV, § 1[.] This necessary and inherent power of the judiciary should only be exercised, however, when its use is required in the interest of the proper and fair administration of justice or where, for reasons of public policy, the openness ordinarily required of our government will be more harmful than beneficial.

*Virmani v. Presbyterian Health Services Corp.*, 350 N.C. 449, 463, 515 S.E.2d 675, 685 (1999) (internal citations omitted) (emphasis added). Our General Assembly may, however, dictate "by statute that certain documents will *not* be available to the public[.]" *Id.* at 473, 515 S.E.2d at 691 (citations omitted) (emphasis added). Our General Assembly has the right to make a determination that public interests outweigh both the common law right to inspect public records, *see id.*, and the Public Records Act, N.C. Gen. Stat. §§ 132-1 to 10, *see Knight Publ'g Co. v. Charlotte-Mecklenburg Hosp. Auth.*, 172 N.C. App. 486, 489-91, 616 S.E.2d 602, 605-06 (2005). Our General Assembly has made the policy decision that certain kinds of otherwise public records shall be shielded from public scrutiny. *See*, e.g., *Virmani*, 350 N.C. at 473, 515 S.E.2d at 691 ("proceedings of a medical review committee and the records and materials produced and considered by such a committee 'shall be confidential and not considered public records' "); *Knight*, 172 N.C. App. at 491, 616 S.E.2d at 606 (certain personnel records of public hospital employees exempt from Public Records Act); *McCormick v. Hanson Aggregates Southeast, Inc.*, 164 N.C. App. 459, 469-70, 596 S.E.2d 431, 437-38 (2004) (certain written communications from an attorney representing a governmental body to that governmental body not subject to public access for three years pursuant to the Public Records Act); *id.* at 471 n. 4, 596 S.E.2d at 438 n. 4 (work product of the Office of the North Carolina Attorney General is not a public record).

"Article I, Section 18 [of the North Carolina Constitution] provides the public access to our courts." *Virmani*, 350 N.C. at 475, 515 S.E.2d at 693 (citations omitted). "Article I, Section 18 of the North Carolina Constitution guarantees a *qualified* constitutional right on the part of the public to attend civil court proceedings." *Id.* at 476, 515 S.E.2d at 693. "We begin with the presumption that the civil court proceedings and records at issue in this case must be open to the public, including the news media, under Article I, Section 18." *Id.* at 477, 515 S.E.2d at 693.

> The qualified public right of access to civil court proceedings guaranteed by Article I, Section 18 is not absolute and is subject to reasonable limitations imposed in the interest of the fair administration of justice or for other compelling public purposes. Thus, although the public has a qualified right of access to civil court proceedings and records, the trial court may limit this right when there is a compelling countervailing public interest and closure of the court proceedings or sealing of documents is required to protect such countervailing public interest. In performing this analysis, the trial court must consider alternatives to closure. Unless such an overriding interest exists, the civil court proceedings and records will be open to the public. Where the trial court closes proceedings or seals records and documents, it must make findings of fact which are specific enough to allow appellate review to determine whether the proceedings or records were required to be open to the public by virtue of the constitutional presumption of access.

*Id.* at 476-77, 515 S.E.2d at 693 (internal citations omitted). " '[U]nder the common law the decision to grant or deny access is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." ' " *In re Search Warrants Issued in Connection with the Investigation into the Death of Nancy Cooper*, —— N.C. App. ——, ——, 683 S.E.2d 418, 425 (2009) (citations omitted).

Beginning with the "presumption that the civil court proceedings and records at issue in this case must be open to the public, including the news media, under Article I, Section 18[,]" *Virmani*, 350 N.C. at 477, 515 S.E.2d at 693, we find no abuse of the trial court's discretion in ruling that Plaintiff failed to overcome this presumption by demonstrating that the public's right to open proceedings was outweighed by a countervailing public interest. Plaintiff argues that

the qualified right to open court proceedings is outweighed by his constitutional right to contract, the right to seek redress for injury, and "the right of privacy in matters related to minor children and . . . personal and financial affairs."

In his argument concerning his right to contract, Plaintiff states that "unless a contract is contrary to public policy or prohibited by statute, the freedom to contract requires that it be enforced. *See Turner v. Masias*, 36 N.C. App. 213, 217, 243 S.E.2d 401, 404 (1978)." We hold that if the Agreement requires automatic and complete closure of the proceedings in this matter, then the Agreement *is* in violation of public policy—the qualified public right of access to civil court proceedings guaranteed by Article I, Section 18. Were we to adopt Plaintiff's position, any civil proceeding could be closed to the public merely because any party involved executed a contract with a confidentiality clause similar to that contained in the Agreement in this matter. Plaintiff's right to contract is in no way violated; we merely hold that Plaintiff cannot, by contract, circumvent established public policy—the qualified public right of access to civil court proceedings. Plaintiff must show some independent countervailing public policy concern sufficient to outweigh the qualified right of access to civil court proceedings.

Plaintiff's position would also render meaningless provisions of the Public Records Act, N.C. Gen. Stat. § 132-1 (1995). *Virmani*, 350 N.C. at 462-63, 515 S.E.2d at 685 (Transcripts of civil court proceedings are public records under the Public Records Act. "The term 'public records,' as used in N.C.G.S. § 132-1, includes all documents and papers made or received by any agency of North Carolina government in the course of conducting its public proceedings. N.C.G.S. § 132-1(a) (1995). The public's right of access to court records is pro-vided by N.C.G.S. § 7A-109(a), which specifically grants the public the right to inspect court records in criminal and civil proceedings. N.C.G.S. § 7A-109(a) (1995)."). Further, the contract states that Plaintiff and Defendant will "use their best efforts so that any reference to the terms of th[e] Agreement and the Agreement itself will be filed under seal[.]" The Agreement contains nothing requiring either Plaintiff or Defendant to use best efforts to obtain a closed proceeding.

We hold that, in the present case, the trial court was correct to determine whether proceedings should be closed based upon the nature of the evidence to be admitted and the facts of this specific case. Evidence otherwise appropriate for open court may not be

sealed merely because an agreement is involved that purports to render the contents of that agreement confidential. Certain kinds of evidence may be such that the public policy factors in favor of confidentiality outweigh the public policy factors supporting free access of the public to public records and proceedings. *See*, e.g., N.C. Gen. Stat. § 15-166 (2009) ("In the trial of cases for rape or sex offense or attempt to commit rape or attempt to commit a sex offense, the trial judge may, during the taking of the testimony of the [victim], exclude from the courtroom all persons except the officers of the court, the defendant and those engaged in the trial of the case."); N.C. Gen. Stat. § 48-2-203 (2009) ("A judicial hearing in any proceeding pursuant to this Chapter [adoption of a minor child] shall be held in closed court."); N.C. Gen. Stat. § 66-156 (2009) ("In an action under this Article, a court shall protect an alleged trade secret by reasonable steps which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action subject to further court order, and ordering any person who gains access to an alleged trade secret during the litigation not to disclose such alleged trade secret without prior court approval."); *Virmani*, 350 N.C. at 478, 515 S.E.2d at 694 ("The public's interest in access to these court proceedings, records and documents is outweighed by the compelling public interest in protecting the confidentiality of medical peer review records in order to foster effective, frank and uninhibited exchange among medical peer review committee members."); *Knight*, 172 N.C. App. at 495, 616 S.E.2d at 609 ("Whatever the General Assembly's policy considerations, the language employed by the General Assembly shows that it was concerned about protecting the confidentiality of public hospital personnel information, thereby specifically exempting this information from broad public access.").

By contrast, our appellate courts have ruled for the disclosure of traditionally confidential records pursuant to the Public Records Act. *See*, e.g., *Carter-Hubbard Pub'lg Co. v. WRMC Hosp. Operating Corp.*, 178 N.C. App. 621, 628, 633 S.E.2d 682, 687 (2006) (contracts between public hospitals and HMOs may be required to be disclosed excepting parts of contracts that contain "competitive health care information"); *see also, Womack Newspapers, Inc. v. Town of Kitty Hawk*, 181 N.C. App. 1, 14, 639 S.E.2d 96, 104-05 (2007) (files and work product of city attorney may be required to be disclosed pursuant to the Public Records Act). Plaintiff points to no statutory support for any contention that the Agreement should be excepted from the Public Records Act, and we find none.

FRANCE v. FRANCE

[209 N.C. App. 406 (2011)]

The two additional reasons Plaintiff gives in support of closing the courtroom fail to implicate reasons of public policy sufficient to override the qualified public policy right of open proceedings. First, Plaintiff fails to show that the decision to deny Plaintiff's request for closed proceedings will deny Plaintiff "redress in the court for an injury done to him." Plaintiff has in no manner been prevented from proceeding with his action. Again, if Plaintiff succeeds in his primary action for rescission of the Agreement, the confidentiality clause contained in the Agreement will no longer have any effect. Further, as we have held that Judge Owens' order must remain in effect until and unless it is properly overturned, the contents of the Agreement must remain sealed and confidential upon remand. Plaintiff can demonstrate no injury.

Second, we hold that Plaintiff's claim that his "constitutional right of privacy, particularly with respect to matters surrounding the parenting of minor children," will be violated is without merit, and Plaintiff fails to show that any such right to privacy outweighs the qualified right of the public to open proceedings. Plaintiff cites no authority in support of his claim that any "compelling interest" exists to close the proceedings in the *present* case for the protection of his children, especially as Plaintiff argues that the entire proceeding should be closed, not just the portions involving information concerning his minor children. While a trial court may close proceedings to protect minors in certain situations, such as where a child is testifying about alleged abuse that child has suffered, or adoption proceedings, N.C.G.S. § 48-2-203, we can find no case supporting the closing of an entire proceeding merely because some evidence relating to a minor child would be admitted. We hold that it is the province of the trial court to determine when a proceeding will be closed to protect a minor child, absent a specific statutory mandate such as in N.C.G.S. § 48-2-203.

In most instances, a proceeding will only be closed during the testimony of the minor child. Plaintiff has presented nothing on appeal demonstrating that the trial court abused its discretion by denying Plaintiff's motion to close the proceeding merely because some evidence concerning his minor children could be admitted. If, during the course of a proceeding, the trial court determines that any part of the proceeding should be closed to protect a minor child, the trial court remains free to make that determination. We hold that the trial court did not abuse its discretion in denying Plaintiff's motion to close the proceeding to the public, which included the media.

Even assuming *arguendo* that the United States Supreme Court would hold that no qualified First Amendment right of public access applies to civil cases, *see Virmani*, 350 N.C. at 482, 515 S.E.2d at 697, we hold that Plaintiff has not shown that any of his federal constitutional rights have been violated by Judge Culler's first order. The trial court did not err by refusing to close the proceedings. We therefore affirm Judge Culler's first order. We note, however, that Judge Owens' order remains in effect, and the trial court must conduct the proceedings in a manner which will not run counter to Judge Owens' order. Upon remand, the trial court must determine how best to reconcile Judge Owens' order with Judge Culler's first order.

Affirmed in part, vacated in part and remanded.

Judges HUNTER, JR. and BEASLEY concur.