FRANCE v. FRANCE

[224 N.C. App. 570 (2012)]

BRIAN Z. FRANCE

v.

MEGAN P. FRANCE

No. COA12-284

Filed 31 December 2012

**1. Appeal and Error—interlocutory orders and appeals—substantial right—unsealing of documents**

Plaintiff's appeal from an interlocutory order in a divorce case was properly before the Court of Appeals because a substantial right was affected by the trial court's order unsealing documents.

**2. Divorce—unsealing documents—change in circumstance—open courtroom proceedings**

The trial court did not abuse its discretion in a divorce case by entering the 12 October 2011 order unsealing the documents in this action and overruling Judge Owens' 18 December 2008 order. The fourth finding of change in circumstance, ordering that the case proceed in an open courtroom, was sufficient alone to warrant a reconsideration of whether Judge Owens' order sealing documents in the actions was still proper.

Appeal by Plaintiff from order entered 18 December 2009 by Judge Jena P. Culler in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 September 2012.

*Horack Talley Pharr & Lowndes, P.A., by Kary C. Watson and Gena Graham Morris, and Alston & Bird, LLP, by John E. Stephenson, Jr.*

*Davis Harwell & Biggs, P.A., by Loretta C. Biggs and Joslin Davis, and Robinson, Bradshaw & Hinson, P.A., by Martin L. Brackett, Jr.*

*Higgins & Owens, PLLC, by Raymond E. Owens, Jr., for the Charlotte Observer and WCNC, amicus curiae.*

THIGPEN, Judge.

Brian France ("Plaintiff") appeals from an order unsealing documents associated with the actions in this case. We find no abuse of discretion in the order of the trial court, which finds and concludes

there has been a substantial change in circumstances. Therefore, we affirm the order of the trial court.

## I. Facts

The evidence of record tends to show the following: Plaintiff and Megan France ("Defendant") have been married to each other twice. Each marriage lasted approximately two years. Prior to their second marriage, on 27 December 2007, Plaintiff and Defendant entered into a prenuptial agreement ("the Agreement"), replacing an earlier prenuptial agreement, which provided financial benefits to Defendant in consideration for which Defendant agreed to abide by the terms of the Agreement. The Agreement contained the following confidentiality provision:

> Plaintiff and Defendant agreed that "neither party [would] disclose any financial information relating to the other party or any provision of th[e] Agreement to anyone except" certain professionals, such as their attorneys and financial advisors, unless compelled by law. Plaintiff and Defendant further agreed to keep private certain personal information regarding each other "unless either party is legally compelled to disclose any such information[.]" The Agreement stated that breach of the confidentiality provision would constitute a material breach. In the final paragraph of the confidentiality clause, Plaintiff and Defendant agreed
>
>> that if either of them institutes or responds to litigation that relates to and requires disclosure of any of the terms of th[e] Agreement, [Plaintiff and Defendant] agree to use their best efforts so that any reference to the terms of th[e] Agreement and the Agreement itself will be filed under seal, with prior notice to the other party.

*France v. France*, 209 N.C. App. 406, 407-08, 705 S.E.2d 399, 402 (2011) (alterations in original).

On 11 September 2008, Plaintiff filed a complaint (File No. 08 CVD 20661), alleging Defendant had breached the Agreement and seeking an order directing the clerk of court to seal Plaintiff's amended complaint, which Plaintiff had not yet filed, and any future documents filed in the action. The trial court, Judge N. Todd Owens ("Judge Owens") presiding, granted Plaintiff's motion to seal the doc-

uments associated with the case in File No. 08 CVD 20661 and issued an order on 18 December 2008, which provided the following rationale for the trial court's ruling:

> 2. There is a compelling countervailing public interest in protecting the privacy of the parties as relates to the provisions of the Agreement concerning their young children and their financial affairs, and in avoiding damage or harm to the parties, their business interests, and their children which could result from public access to such provisions of the Agreement.

> 3. There is a compelling countervailing public interest in protecting the sanctity of contracts such as the Agreement, where people bargain for and agree upon a mechanism to resolve future disputes in a confidential manner and other contract terms which are not contrary to law, and where each party relies on the other party to perform his or her obligations under the contract.

> 4. The aforesaid countervailing public interests in paragraphs 2 and 3 above outweigh the public's interest in access to the documents filed in this court proceeding and in future proceedings between the parties concerning the Agreement.

> 5. The Court has considered whether there are alternatives to sealing the court files in order to protect the public interests referred to in paragraphs 2 and 3 above, and finds there are no such alternatives.

Based on the foregoing, the trial court concluded:

> The Clerk of Superior Court shall seal the pleadings and other documents [and] [t]he Clerk . . . is directed to file under seal any pleadings and documents filed in any subsequent actions between the parties related to the Agreement [and all such pleadings, documents, and orders] may be unsealed only by further order of the [c]ourt, after reasonable notice to the parties.

In the order, Judge Owens also provided the following specifications:

> Once sealed, such pleadings and documents shall be accessible only to the District Court, any appellate court, the parties, attorneys for the parties and parale-

FRANCE v. FRANCE

[224 N.C. App. 570 (2012)]

gals and other staff members of such attorney, and may be unsealed only by further order of the Court, after reasonable notice to the parties.[1]

On 31 December 2008, Plaintiff filed, under seal, the amended complaint with a different file number, File No. 08 CVS 28389. The amended complaint set forth the terms of the Agreement and specified how Defendant breached those terms. Therefore, the amended complaint necessarily disclosed the terms of the Agreement and hypothetically may have constituted a breach of the confidentiality provision in the Agreement, but for the fact that the amended complaint was filed under seal.

The parties filed a series of discovery and substantive motions in the action under File No. 08 CVS 28389. On 29 September 2009, in anticipation of hearings on the foregoing motions, Plaintiff filed a motion requesting that the trial court close proceedings to the public. Defendant joined Plaintiff in the motion to close proceedings. The trial court, Judge Jena P. Culler ("Judge Culler") presiding, heard the foregoing motion to close proceedings, along with several other motions, on 15 October 2009, after which Judge Culler denied the motion to close proceedings. Judge Culler entered a written order on 13 November 2009 concluding that "[p]roceedings in this case shall be conducted in open court" and providing the following rationale for the decision:

> Although both parties affirmatively sought the relief of closing the court proceedings in this litigation, there are no compelling countervailing public interests as related to these parties which outweigh the public's right and access to open court proceedings.

Plaintiff appealed Judge Culler's 13 November 2009 order. Plaintiff also moved in open court for a stay, which was denied. Plaintiff filed notice of appeal from this order.

On 17 November 2009, The Charlotte Observer Publishing Company and WCNC-TV, Inc. ("Media Movants") filed a motion requesting that Judge Culler (1) "[o]rder [that] the courtroom remain open to the public and press in both 08 CVD 20661 and 08 CVD 28389" and (2) order that "the records and court files in both [actions] be

---

1. Judge Owens' 18 December 2008 order was not included in the record on appeal; however, we have extracted the above excerpts from Judge Owens' order as they were recited in Judge Culler's subsequent orders.

unsealed[.]" Judge Culler heard Media Movant's motion on 11 December 2009. In an order filed 18 December 2009, Judge Culler acknowledged both Judge Owens' order—which ordered that the pleadings and documents associated with the action in File No. 08 CVD 20661 shall be sealed—and her own order that the proceedings of the action in File No. 08 CVD 28389 shall remain open to the public. Judge Culler then ordered that all "proceedings in connection with 08 CVD 20661 shall be open to the public [and that] the court has already ordered that all courtroom proceedings in connection with 08 CVD 28389 shall be open, and that order has been appealed [and that all court files relating to both 08 CVD 20661 and 08 CVD 28389] shall be unsealed." Judge Culler reasoned that there were "no compelling countervailing public or governmental interest[s] sufficient" to keep the court filings under seal, or to conduct the proceedings in a closed courtroom. Judge Culler further reasoned:

> There [are] no compelling countervailing public or governmental interest[s] to be protected as it relates to the parties that outweighs the public's longstanding presumptive right to open courts as espoused in the North Carolina Constitution, North Carolina statutory law, . . . and the related case law[.]

On 21 December 2009, Plaintiff filed a notice of appeal from Judge Culler's 18 December 2009 order. Plaintiff also filed a motion to stay this order, which was denied.

On 22 December 2009, Plaintiff filed a motion in this Court to stay Judge Culler's 13 November 2009 and 18 December 2009 orders. Our Court granted Plaintiff's motion to stay "pending determination of [Plaintiff's] petition for writ of supersedeas" by order entered 23 December 2009. On 4 January 2010, our Court granted Plaintiff's petition for writ of supersedeas, and stayed implementation of Judge Culler's first and second orders "pending further orders of this Court."

On 1 February 2011, this Court issued an opinion, *France*, 209 N.C. App. 406, 705 S.E.2d 399, resolving the first appeal. This Court concluded that "Plaintiff's appeal of Judge Culler's first order on 13 November 2009 divested the trial court of jurisdiction in the matter and jurisdiction transferred to this Court. Thus, Judge Culler's second order is a nullity because the trial court was without jurisdiction to hear the matter on 11 December 2009." *Id.* at 411, 705 S.E.2d at 404. This Court vacated the 18 December 2009 order.

This Court further held that "[b]ecause Judge Culler's first order did not rule that the pleadings and documents in these actions should be unsealed, Judge Culler's first order does not impermissibly over-rule Judge Owens' order." *Id.* at 412, 705 S.E.2d at 405. This Court affirmed Judge Culler's 13 November 2009 order, holding that the trial court did not err by refusing to close the proceedings. *Id.* at 417-18, 705 S.E.2d at 408-09. However, we noted that "Judge Owens' order remains in effect, and the trial court must conduct the proceedings in a manner which will not run counter to Judge Owens' order." *Id.* at 418, 705 S.E.2d at 408. "Upon remand," we stated, "the trial court must determine how best to reconcile Judge Owens' order [sealing the documents pertaining to the action] with Judge Culler's first order [ruling that the proceedings in the action shall remain open to the public]." *Id.* at 418, 705 S.E.2d at 408-09.

On 2 June 2011, the first hearing in this case following remand, Judge Culler instructed the parties that although arguments and testimony would generally take place in open court, the documents associated with the action would remain under seal "as long as the Owens Order was in effect." Judge Culler advised the parties that "while there would be occasions when testimony or argument would make reference to documents in the court files, 'there should be no excessive reading aloud from any document that is under seal or any unnecessary reference to details in the [Agreement].' "

On 10 June 2011, Media Movants filed a second access motion, urging the trial court to overrule Judge Owen's order and unseal the documents associated with 08 CVD 20661 and 08 CVD 28389. While this motion was pending, Judge Culler entered an order consolidating 08 CVD 20661 and 08 CVD 28389 into one case, 08 CVD 28389 (here-inafter, "the action"). On 12 October 2011, Judge Culler entered an order granting Media Movants motion to unseal the documents associated with the action,[2] reasoning that Judge Owen's order was void for two reasons: (1) the trial court lacked subject matter juris-diction to enter the order,[3] and (2) the order violated the North Carolina Declaratory Judgment Act.[4] Alternatively, Judge Culler

---

2. The trial court reserved the right, however, to seal future documents.

3. Judge Culler stated that "trial court's do not have subject matter jurisdiction to enter orders governing separate actions"; however, Judge Owens' order "purported to seal the court files in all future, and therefore not yet asserted actions."

4. Judge Culler reasoned that "a declaratory judgment may only decide the respective rights and obligations of adversary parties[,]" and "[n]o declaration may prejudice the rights of persons not parties to the proceedings"; however, Judge Culler

FRANCE v. FRANCE

[224 N.C. App. 570 (2012)]

based her decision to unseal the documents on four material changes in circumstance.[5]

On 13 October 2011, Plaintiff filed a notice of appeal of Judge Culler's 12 October 2011 order overruling Judge Owens' 18 December 2008 order and unsealing the documents associated with this action. Plaintiff also filed a motion for temporary stay and a petition for writ of supersedeas in this Court. On 24 October 2011, we granted Plaintiff's motion for a stay, pending our ruling on the petition for writ of supersedeas. On 2 November 2011, we allowed Plaintiff's petition for writ of supersedeas.

On appeal, Plaintiff argues the trial court erred by entering the 12 October 2011 order unsealing the documents in this action and overruling Judge Owens' 18 December 2008 order for the following reasons: (1) the trial court failed to carry out the mandate of this Court's opinion in *France*, 209 N.C. App. 406, 705 S.E.2d 399; (2) the trial court lacked authority to overrule Judge Owens' 18 December 2008 order as one trial judge cannot overrule another; (3) Judge Owens' 18 December 2008 order was not void, as the trial court had subject matter jurisdiction to enter the order; (4) the order did not violate the North Carolina Declaratory Judgment Act because the "public" is not a necessary party; (5) and there was no material change of circumstances. Plaintiff also argues on appeal that the trial court's findings of fact in the 12 October 2011 are not based on competent evidence. We affirm the order of the trial court.

## II. Interlocutory Appeal

[1] We must first address the question of whether this appeal from an interlocutory order is properly before the Court. We conclude it is.

stated that the order entered by Judge Owens "purports to prejudice the public's right to access court files pursuant to the United States and North Carolina Constitutions" and is "outside the scope of the Declaratory Judgment Act."

5. Judge Culler stated that four substantial changes in circumstance have occurred in this case: (1) a substantial change occurred when Plaintiff filed the amended complaint, alleging an alternative claim for the rescission of the Agreement because Plaintiff relied on the confidentiality provision of the Agreement as the basis for his motion to seal the documents associated with the action, and Judge Owen relied on the confidentiality provision in the Agreement as the basis for ordering that the documents be entered under seal; (2) a substantial change occurred based on "the mere fact that Media Movants filed their Access Motions"; (3) a substantial change occurred when certain details concerning the Agreement were discovered and published by various media outlets; (4) and a substantial change occurred when this Court, according to Judge Culler, "direct[ed] this case to proceed in an open courtroom."

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *rehearing denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, "immediate appeal is available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (citation and quotation marks omitted).

This Court has held in cases such as this that "[a]bsent immediate review, documents that have been ordered sealed will be unsealed, and proceedings will be held open to the public[;] [b]ecause the only manner in which [a party] may prevent this from happening is through immediate appellate review, we hold that a substantial right . . . is affected[.]" *France*, 209 N.C. App. at 411, 705 S.E.2d at 405 (citing *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 23-24, 541 S.E.2d 782, 786, *cert. denied*, 353 N.C. 371, 547 S.E.2d 810 (2001)).

We believe that here, as in the first appeal, a substantial right is affected by the trial court's order unsealing documents. We conclude, therefore, that although Plaintiff appeals from an interlocutory order, the appeal is properly before the Court.

### III. Standard of Review

"It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "The judicial officer's decision to seal . . . is subject to review under an abuse of discretion standard." *In re Investigation into Death of Cooper*, 200 N.C. App. 180, 186, 683 S.E.2d 418, 423 (2009), *disc. review denied*, 363 N.C. 855, 694 S.E.2d 201 (2010) (citation omitted). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

### IV. Substantial Change in Circumstances

[2] We first address Plaintiff's argument that the trial court erred in finding and concluding that there was a material change in the circumstances of the parties, and as such, the trial court erred in entering an

order unsealing the documents associated with the consolidated actions in this case and overruling Judge Owens' 18 December 2008 order. We conclude the trial court did not err.

"It is well established that one trial court judge may not overrule another trial court judge's conclusions of law when the same issue is involved[;] [n]o appeal lies from one Superior Court judge to another; . . . one Superior Court judge may not correct another's errors of law; and . . . ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.' " *France*, 109 N.C. App. at 411-12, 705 S.E.2d 399, 405 (2011) (quoting *State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003)). The rationale for this rule is to discourage parties from judge shopping. *Woolridge*, 357 N.C. at 550, 592 S.E.2d 194.

"This rule does not apply to interlocutory orders given in the progress of the cause[,] . . . [and] a judge does have the power to modify an interlocutory order when there is a showing of changed conditions which warrant such action." *Carr v. Great Lakes Carbon Corp.*, 49 N.C. App. 631, 633, 272 S.E.2d 374, 376 (1980), *disc. review denied*, 302 N.C. 217, 276 S.E.2d 914 (1981) (citations omitted). "However, when the judge rules as a matter of law, not acting in his discretion, the ruling finally determines the rights of the parties unless reversed upon appellate review." *Id.* "One superior court judge may only modify, overrule, or change the order of another superior court judge where the original order was (1) interlocutory, (2) discretionary, and (3) there has been a substantial change of circumstances since the entry of the prior order." *Crook v. KRC Mgmt. Corp.*, 206 N.C. App. 179, 189, 697 S.E.2d 449, 456, *cert. denied, and disc. review denied*, 364 N.C. 607, 703 S.E.2d 442 (2010) (citations and quotation marks omitted).

In this case, Judge Owens' 18 December 2008 order stated that "[o]nce sealed, such pleadings and documents shall be accessible only to the District Court, any appellate court, the parties, attorneys for the parties and paralegals and other staff members of such attorney, and *may be unsealed only by further order of the Court*, after reasonable notice to the parties." (emphasis added). Judge Owens' order, itself, made an allowance for the future unsealing of documents. Moreover, this Court in *France*, 209 N.C. App. 406, 705 S.E.2d 399, did not mandate that Judge Owens' order remain undisturbed. Rather, this Court held that "Judge Owens' order must remain in effect until and *unless it is properly overturned*[.]" *Id.* at 417, 705 S.E.2d at 408 (emphasis added). The phrase, "[p]roperly overturned[,]"

required that Judge Culler only had authority to overrule Judge Owens' order upon a finding of changed circumstances. *Id.* at 412, n.3, 705 S.E.2d at 405, n.3; *see also Morris v. Gray*, 181 N.C. App. 552, 552–53, 640 S.E.2d 737, 738 (2007) (stating that "[u]nless a material change of circumstances in the situations of the parties so warrants, one trial judge cannot modify, overrule, or change the judgment of another, equivalent trial judge").

"A substantial change in circumstances exists if since the entry of the prior order, there has been an intervention of new facts which bear upon the propriety of the previous order. The burden of showing the change in circumstances is on the party seeking a modification or reversal of an order previously entered by another judge." *Crook*, 206 N.C. App. at 189, 697 S.E.2d at 456 (citations and quotation marks omitted).

The trial court found several changes in circumstances in its order in this case, including the following: (1) Plaintiff now seeks rescission of the Separation Agreement, which is the document from, which the order to seal the files is derived; (2) the Media Movants are an intervening party and a member of the public seeking access to the documents; (3) some details regarding the actions have already been disclosed to the public during the course of the litigation; and (4) the Court of Appeals ordered that the case proceed in an open courtroom.

We believe the fourth finding of change in circumstance—that this Court ordered that the case proceed in an open courtroom—is sufficient, alone, to warrant a reconsideration of whether Judge Owens' order sealing documents in the actions was still proper. We find no indication of abuse of discretion in the trial court's findings of fact. The findings of fact are supported by the evidence and each reasonably supports the conclusion of law that a change in circumstances has occurred. Therefore, we affirm the trial court's order unsealing the documents associated with the actions in this case. As we affirm on this ground, it is not necessary for us to address Plaintiff's remaining arguments on appeal.[6]

---

6. Plaintiff also argues on appeal that the trial court erred in disregarding the public's compelling interest in preserving the constitutionally protected rights of freedom to contract, remedy for an injury incurred, and privacy. Specifically, Plaintiff claims that his rights to contract, right to a remedy in the trial court for an injury he incurred, and his right to privacy have been violated by the trial court's order overruling Judge Owens' Order. These arguments were each addressed by *France*, 209 N.C. App. 406, 705 S.E.2d 399, and are *res judicata*. *Williams v. Peabody*, ___ N.C. App. ___, ___, 719 S.E.2d 88, 92 (2011) (stating that *res judicata* "prevents the relitigation of all matters that were or should have been adjudicated in the prior action"). With respect to Plaintiff's breach of contract claim, this Court stated in *France* that "Plaintiff's right

AFFIRMED.

Judges McGEE and BEASLEY concur.

Judge Beasley concurred in this opinion prior to 18 December 2012.

---

to contract is in no way violated; we merely hold that Plaintiff cannot, by contract, circumvent established public policy. . . . Plaintiff must show some independent countervailing public policy concern sufficient to outweigh the qualified right of access to civil court proceedings. . . . We hold that, in the present case, the trial court was correct to determine whether proceedings should be closed based upon the nature of the evidence to be admitted and the facts of this specific case. Evidence otherwise appropriate for open court may not be sealed merely because an agreement is involved that purports to render the contents of that agreement confidential. Certain kinds of evidence may be such that the public policy factors in favor of confidentiality outweigh the public policy factors supporting free access of the public to public records and proceedings." *France*, 209 N.C. App. at 415-16, 705 S.E.2d at 407. With respect to Plaintiff's argument pertaining to access to a remedy for an injury he incurred, this Court stated in *France* that "Plaintiff fails to show that the decision to deny Plaintiff's request for closed proceedings will deny Plaintiff 'redress in the court for an injury done to him[;]' Plaintiff has in no manner been prevented from proceeding with his action[,] [and] [a]gain, if Plaintiff succeeds in his primary action for rescission of the Agreement, the confidentiality clause contained in the Agreement will no longer have any effect." *Id.* at 417, 705 S.E.2d at 408. With respect to Plaintiff's right to privacy claim, this Court stated in *France* that "Plaintiff's claim that his 'constitutional right of privacy, particularly with respect to matters surrounding the parenting of minor children,' will be violated is without merit, and Plaintiff fails to show that any such right to privacy outweighs the qualified right of the public to open proceedings." *Id.*