Preiss v. Wine and Design Franchise, 2018 NCBC 53.

STATE OF NORTH CAROLINA
COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 11895

EMILY PREISS and WINE AND
DESIGN, LLC,

Plaintiffs,

v.

WINE AND DESIGN FRANCHISE,
LLC; HARRIET E. MILLS;
PATRICK MILLS; and CAPITAL
SIGN SOLUTIONS, LLC,

Defendants.

**ORDER REGARDING
PLAINTIFFS' NOTICE OF
DOCUMENT FILED UNDER
SEAL**

THIS MATTER comes before the Court on Plaintiffs' Notice of Document Filed Under Seal. ("Notice", ECF No. 103.) Plaintiffs purport to inform the Court that its entire Brief in Response to Defendants' Motion to Enforce Settlement Agreement has been filed under seal because it "contains information related to confidential settlement negotiations and agreements, the terms thereof, obligations of the parties and supporting documentation." (ECF No. 103.)

Throughout this action, Plaintiffs' counsel has failed to comply with the procedures for filing documents under seal contained in the General Rules of Practice and Procedure for the North Carolina Business Court ("BCR").

Plaintiffs' counsel first filed a Motion for Leave to File Documents Under Seal relating to their first Motion to Appoint Guardian ad Litem, on March 29, 2018. (Motion to Seal, ECF No. 56.) On April 4, 2018, the Court denied without prejudice the Motion to Seal for substantial failure to comply with the relevant business court

rules, including failure to provide sufficient information for the Court to determine whether the document merited filing under seal pursuant to BCR 5.2(b), failure to file within five business days a public version of the document with redactions and omissions pursuant to BCR 5.2(d), failure to file an accompanying brief in support pursuant to BCR 7.2, and failure to include a statement indicating consultation with and the position of opposing counsel under BCR 7.3. (Order, ECF No. 61.)

On April 6, 2018, Plaintiffs' counsel filed a document styled as "Plaintiffs' Response to Order on Plaintiffs' Motion for Leave to File Documents Under Seal," stating that he had filed a similar motion on behalf of Plaintiff Emily Preiss ("Preiss") in a related lawsuit pending in Wake County Superior Court "without going through a process of having those documents filed under seal." (Pl. Response, ECF No. 69, at p. 1.) Plaintiffs' counsel, however, never made the filings or provided the information required by the applicable rules. Nevertheless, the Court ordered that the document remain under seal in an effort to protect the privacy of Preiss. (Further Order, ECF No. 75.)

On May 15, 2018, Plaintiffs moved to seal documents relating to their Renewed Motion for Appointment of Guardian ad Litem, again failing to either file public versions of the documents with redactions and omissions, or alternatively filing the Notice of Filing the entirety of the documents under seal with justifications for sealing the entire documents. (Order, ECF No. 95.) The Court, again, noted the deficiencies in Plaintiffs' filing, but granted the motion to seal in an effort to protect Preiss's privacy. (*Id.*)

On May 30, 2018, Plaintiffs filed the Notice, in conjunction with Plaintiffs' Brief in Response to Defendants' Motion to Enforce Settlement Agreement. (Notice of Doc. Filed Under Seal, ECF No. 103; Br. Resp. Def. Mot. Enforce Settlement Ag., ECF No. 102 [SEALED].) Once again, Plaintiffs' counsel did not file a motion for leave to file the document under seal, nor an accompanying brief in support of the motion.

On the charitable assumption that Plaintiffs' counsel's continued failure to comply with the applicable BCR regarding filing under seal is a result of ignorance of the procedures, rather than a flagrant disregard for this Court's authority, the Court will outline the applicable rules and procedures below.

The BCR "govern every civil action that is designated as a mandatory complex business case or assigned to a Business Court judge." BCR 1.2. BCR 5, which governs Protective Orders and Filing Under Seal, "applies to both parties and non-parties" and contains procedures for sealed filings for cases in which there is a Protective Order and cases in which there is not a Protective Order. BCR 5.1(a); BCR 5.2.

In cases with a Protective Order, such Protective Orders "should include procedures similar to those described in subsections (b) through (d)" of BCR 5.2. BCR 5.2(a). Therefore, regardless of whether or not the parties to an action in the North Carolina Business Court have a Protective Order in place, the BCR requires that every document provisionally filed under seal must be filed pursuant to the procedures outlined in BCR 5.2(b) through (d).

When a party seeks to file a document or part of a document under seal, the party "must provisionally file the document under seal together with a motion for leave to file the document under seal." BCR 5.2(b). "All motions must be made in electronic form and must be accompanied by a brief." BCR 7.2. BCR 7.10 lists eleven motions that do not require an accompanying brief. The list does not include motions for leave to file documents under seal, and accordingly a motion for leave to file under seal must be accompanied by a supporting brief.

The motion to seal, together with the accompanying brief, "must contain sufficient information for the Court to determine whether sealing is warranted." BCR 5.2(b). The rule lists seven categories of information that may be necessary for the Court's determination on this issue, including:

> (1) a non-confidential description of the material sought to be sealed;
>
> (2) the circumstances that warrant sealed filing;
>
> (3) the reason(s) why no reasonable alternative to a sealed filing exists;
>
> (4) if applicable, a statement that the party is filing the material under seal because another party (the "designating party") has designated the material under the terms of a protective order in a manner that triggered an obligation to file the material under seal and that the filing party has unsuccessfully sought the consent of the designating party to file the materials without being sealed;
>
> (5) if applicable, a statement that any designating party that is not a party to the action is being served with a copy of the motion for leave;

(6) a statement that specifies whether the party is requesting that the document be accessible only to counsel of record rather than to the parties; and

(7) a statement that specifies how long the party seeks to have the material maintained under seal and how the material is to be handled upon unsealing.

BCR 5.2(b)(1)–(7).

Within five (5) business days after the filing or provisional filing of a document under seal along with the motion and supporting brief, the party must "file a public version of the document" with any necessary redactions or omissions, "but the redactions or omissions should be as limited as practicable. In the rare circumstance that an entire document is filed under seal, in lieu of filing a public version of the document, the filing party must file a notice that the entire document has been filed under seal." BCR 5.2(d).

These rules and procedures for making sealed filings are not frivolous "make-work" for attorneys, nor are they intended to be optional exercises. The reason the North Carolina Business Court requires a designating party to demonstrate that a document merits sealing on the Business Court's electronic docket is because documents filed in the courts of the State of North Carolina are presumed to be "open to the inspection of the public," except as prohibited by law. N.C. Gen. Stat. § 7A-109(a) (hereinafter "G.S."); *see also Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 463, 515 S.E.2d 675, 685 (1999) (noting that G.S. § 7A-109(a) "specifically grants the public the right to inspect court records in criminal and civil proceedings"). Nevertheless, "a trial court may, in the proper circumstances, shield portions of court

proceedings and records from the public." *France v. France,* 209 N.C. App. 406, 413, 705 S.E.2d 399, 405 (2011) (emphasis omitted).

This Court starts with the "presumption that the civil court proceedings and records at issue . . . must be open to the public." *Id.* at 414, 705 S.E.2d at 406. The party seeking to have a filing sealed bears the burden of overcoming this presumption "by demonstrating that the public's right to open proceedings [is] outweighed by a countervailing public interest." *Id.* The determination of whether evidence should be filed under seal is within the discretion of the trial court. *See In re Investigation into Death of Cooper,* 200 N.C. App. 180, 186, 683 S.E.2d 418, 423 (2009).

The Parties in this action submitted a Consent Protective Order (ECF No. 46) which was incorporated by reference into the Case Management Order (ECF No. 49, at § G.(1)). The Consent Protective Order does not explicitly provide procedures for making a sealed filing, but instead states only that documents designated by any Party as Confidential "shall be filed under seal." (ECF No. 46, at ¶ 9.) The Court interprets this provision as incorporation of the procedures outlined in BCR 5.2(b)–(d) into the Consent Protective Order. Plaintiffs' counsel, for the third time, has failed to comply with these procedures when attempting to make a sealed filing.

THE COURT, having outlined its expectations that the Parties comply with the rules and procedures related to making sealed filings on four separate occasions (ECF Nos. 61, 75, 95, 101), and having considered Plaintiffs' continued disregard for these rules and procedures, CONCLUDES, in its discretion, that Plaintiffs' Motion in

this case should be DENIED and the document shall be unsealed by the Court immediately following entry of this Order.

Additionally, because Plaintiffs have now failed for the third time to make efforts to comply with the applicable BCR or this Court's past Orders, the Court takes under advisement such further relief as may be just and appropriate, including whether the complained-of conduct of Plaintiffs' counsel merits imposition of sanctions under Rule 11 or other authority.

THEREFORE, IT IS ORDERED that Plaintiffs' Motion is DENIED. The provisionally sealed document at ECF No. 102 shall be unsealed by the Court before the close of business, today.

This, the 4th day of June, 2018.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases