Bradshaw v. Maiden, 2020 NCBC 26.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 14445

JAMES W. BRADSHAW; CARLA O. BRADSHAW; RESORT RETAIL ASSOCIATES, INC.; E.C. BROADFOOT; CHRISTINA DUNN CHANDRA; THOMAS F. EGAN; CHARLES EGGERT; MARK P. GARSIDE; DR. JAMES J. GREEN, JR.; ROBERT K. GRUNEWALD; RONALD HOLMES; DAVID LAUCK; CURT W. LEMKAU, JR.; EVAN MIDDLETON; JOSHUA M. NELSON; CHRISTIAN C. NUGENT; REGINA H. PAKRADOONI, as Executrix of the Estate of PETER B. PAKRADOONI, deceased; FORD PERRY; MARCELLO G. PORCELLI; ADAN RENDON; RICHARD H. STEVENSON; PAUL STOKES; LAWRENCE J. THEIL; R. MITCHELL WICKHAM; WILLIAM H. WILLIAMSON, III; WILLIAM K. WRIGHT, JR.; ALEX M. WOLF; CHAFFIN FAMILY LIMITED PARTNERSHIP; and SOLARIS CAPITAL LLC,

Plaintiffs,

v.

STEPHEN E. MAIDEN; MAIDEN CAPITAL, LLC; and SS&C TECHNOLOGIES, INC., successor by merger to SS&C FUND ADMINISTRATION SERVICES, LLC (a/k/a SS&C FUND SERVICES),

Defendants.

**INTERIM ORDER AND OPINION ON MOTIONS TO SEAL**

SS&C TECHNOLOGIES, INC., successor by merger to SS&C FUND ADMINISTRATION SERVICES, LLC,

Third-Party Plaintiff,

v.

MAIDEN CAPITAL OPPORTUNITY
FUND, LP,

Third-Party Defendant.

1. **THIS MATTER** is before the Court upon (i) Defendant SS&C Technologies, Inc.'s ("SS&C") Motion for Leave to File Under Seal (the "First Motion to Seal"), (ECF No. 260); (ii) Plaintiffs' Motion to File Under Seal (the "Second Motion to Seal"), (ECF No. 277); and (iii) SS&C's Motion for Leave to File Under Seal (the "Third Motion to Seal"), (ECF No. 283), (collectively, the "Motions to Seal") in the above-captioned case.

2. The Court elects to enter this Interim Order and Opinion concerning the Motions to Seal without a hearing pursuant to Rule 7.4 of the North Carolina Business Court Rules ("BCRs"). After considering the Motions to Seal, the related briefing, and the tendered exhibits, the Court, for the reasons below, **GRANTS in part**, **DENIES in part**, and **DEFERS in part** the Motions to Seal.

> *Mauney PLLC, by Gary V. Mauney, and Lewis & Roberts, PLLC, by James A. Roberts, III, for Plaintiffs James W. Bradshaw; Carla O. Bradshaw; Resort Retail Associates, Inc.; E.C. Broadfoot; Christina Dunn Chandra; Thomas F. Egan; Charles Eggert; Mark P. Garside; Dr. James J. Green, Jr.; Robert K. Grunewald; Ronald Holmes; David Lauck; Curt W. Lemkau, Jr.; Evan Middleton; Joshua M. Nelson; Christian C. Nugent; Regina H. Pakradooni, as Executrix of the Estate of Peter B. Pakradooni, deceased; Ford Perry; Marcello G. Porcelli; Adan Rendon; Richard H. Stevenson; Paul Stokes; Lawrence J. Theil; R. Mitchell Wickham; William H. Williamson, III; William K. Wright, Jr.; Alex M. Wolf; Chaffin Family Limited Partnership; and Solaris Capital LLC.*
>
> *Alston & Bird LLP, by Michael A. Kaeding and Ryan P. Ethridge, and Paul, Weiss, Rifkind, Wharton & Garrison LLP, by Jeffrey Recher and John Baughman, for Defendant SS&C Technologies, Inc.*

Bledsoe, Chief Judge.

I.

FACTUAL BACKGROUND

3.     This case arises out of the collapse of a private hedge fund, Maiden Capital Opportunity Fund, LP ("Fund"), managed exclusively by Maiden Capital, LLC ("Maiden Capital"). *See Bradshaw v. Maiden*, 2017 NCBC LEXIS 30, at *2 (N.C. Super. Ct. Mar. 31, 2017). Defendant Stephen E. Maiden ("Maiden"), the managing partner of Maiden Capital, used the Fund to orchestrate an alleged multi-million dollar "Ponzi scheme," resulting in financial losses to Plaintiffs, all of whom invested in the Fund. *See Bradshaw v. Maiden*, 2018 NCBC LEXIS 98, at *2–3 (N.C. Super. Ct. Sept. 20, 2018). SS&C administered the Fund's accounts from approximately 2007 until the Fund's demise in 2013. *See Bradshaw v. Maiden*, 2018 NCBC LEXIS 46, at *2 (N.C. Super. Ct. May 9, 2018).

4.     SS&C and Plaintiffs are now seeking to seal numerous documents filed in support of and/or in opposition to SS&C's Motion for Summary Judgment. For the reasons discussed below, the Motions to Seal do not provide sufficient information for the Court to determine whether sealing is warranted under BCR 5 for a majority of the materials the parties seek to have sealed. The Court issues this Interim Order and Opinion to identify these procedural defects and to grant the parties an opportunity to cure by filing a supplemental brief or briefs in support of the Motions to Seal as well as public redacted versions of the Sealed Documents.[1]

---

[1] The Court shall refer to all briefs, exhibits, and other attachments that the parties have provisionally filed under seal collectively as the "Sealed Documents."

## II.

## PROCEDURAL HISTORY

5. On October 28, 2019, SS&C filed (i) a Motion for Summary Judgment, (Mot. Summ. J., ECF No. 256); (ii) a memorandum in support thereof ("SS&C's Memorandum in Support"), (Mem. Law Supp. Mot. Summ. J., ECF No. 257), which was provisionally filed under seal; and (iii) an index and several exhibits, (Exs. SS&C's Mot. Summ. J., Part 1, ECF No. 258). The next day, SS&C provisionally filed under seal fourteen additional exhibits to its Motion for Summary Judgment, (Exs. SS&C's Mot. Summ. J., Part 2 [hereinafter "Sealed Exs. SS&C's Mot. Sum. J."], ECF No. 259), along with the First Motion to Seal, (Mot. Leave File Under Seal [hereinafter "1st Mot. Seal"], ECF No. 260). On November 7, 2019, SS&C filed (i) a public version of SS&C's Memorandum in Support, (PUBLIC/REDACTED VERSION—Mem. Law Supp. SS&C's Mot. Summ. J. [hereinafter "Public Mem. Law Supp."], ECF No. 262); (ii) public versions of Exhibits A, D–F, I, P, and R–U to its Motion for Summary Judgment, (PUBLIC/REDACTED VERSION—Exs. SS&C's Mot. Summ. J., Part 2 [hereinafter "Public Exs. SS&C's Mot. Summ. J."], ECF No. 263); and (iii) a notice of filing Exhibits B, C, H, and Q to its Motion for Summary Judgment entirely under seal, (Notice Filing Under Seal—Exs. B, C, H, & Q SS&C's Mot. Summ. J. [hereinafter "Notice Filing Under Seal—Exs. B, C, H, & Q"], ECF No. 264).

6. On December 31, 2019, Plaintiffs provisionally filed under seal a brief in opposition to SS&C's summary judgment motion ("Plaintiffs' Brief in Opposition"),

(Pls.' Br. Opp'n Def. SS&C's Mot. Summ. J. [hereinafter "Sealed Pls.' Br. Opp'n"], ECF No. 268). An affidavit, (Aff. Counsel, ECF No. 276), an index of exhibits and testimony excerpts, (Index Exs. & Dep. Test. Excerpts/Trial Test. [hereinafter "Sealed Index"], ECF No. 269), a compilation of deposition testimony and trial testimony excerpts, (Dep. Test. Excerpts & Trial Test. [hereinafter "Sealed Test. Excerpts"], ECF No. 275), and forty-seven documentary exhibits, (Exs. 3–12, ECF No. 270; Exs. 13–21, ECF No. 271; Exs. 23–33, ECF No. 272; Exs. 36, 38–46, ECF No. 273; Exs. 1–2, 22, 34–35, 37, & 47, ECF No. 274), accompanied Plaintiffs' Brief in Opposition.

7.  Plaintiffs sought to seal Plaintiffs' Brief in Opposition, the index, the compilation of deposition testimony and trial testimony excerpts, and Exhibits 3–21, 23–33, 36, and 38–46 in the Second Motion to Seal. (*See* Pls.' Mot. File Under Seal 1–2 [hereinafter "2nd Mot. Seal"], ECF No. 277.) Two days later, Plaintiffs provisionally filed under seal Exhibit 38, (Ex. 38, ECF No. 278), and Exhibit 39, (Ex. 39, ECF No. 279), because these exhibits failed to upload when the initial filing was made. On January 13, 2020, SS&C filed a supplemental brief in support of the Second Motion to Seal ("Supplemental Brief in Support of Second Motion to Seal"), (Suppl. Br. Resp. Pls.' Mot. Leave File Under Seal [hereinafter "Suppl. Br."], ECF No. 280), pursuant to BCR 5.3.

8.  SS&C provisionally filed under seal two copies of its reply in support of its summary judgment motion (collectively, "SS&C's Reply Memorandum"), (Reply Mem. Law Further Supp. Def. SS&C's Mot. Summ. J., ECF Nos. 281–82), on January 30, 2020. That same day, SS&C provisionally filed under seal an index and seven

exhibits, (Exs. X–DD SS&C's Reply Mem. Further Supp. Mot. Summ. J., ECF No. 282.1), together with the Third Motion to Seal, (Mot. Leave File Under Seal [hereinafter "3rd Mot. Seal"], ECF No. 283). Six business days later, SS&C filed (i) a public version of SS&C's Reply Memorandum, (PUBLIC-REDACTED VERSION_Reply Mem. Law Further Supp. Def. SS&C's Mot. Summ. J. [hereinafter "Public Reply"], ECF No. 284); (ii) public versions of the index and Exhibits X, Y, and AA–DD, (PUBLIC-REDACTED VERSION_Exs. X–DD Reply Mem. Law Further Supp. Def. SS&C's Mot. Summ. J. [hereinafter "Public Exs. X, Y, & AA–DD"], ECF No. 285); and (iii) a notice of filing Exhibit Z entirely under seal, (Notice Filing Under Seal_Ex. Z Reply Mem. Law Further Supp. Def. SS&C's Mot. Summ. J. [hereinafter "Notice Filing Under Seal—Ex. Z"], ECF No. 286).

## III.

## LEGAL STANDARD

9. Documents filed in the courts of this State are "open to the inspection of the public[,]" except as prohibited by law. N.C.G.S. § 7A-109(a); *see Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 463, 515 S.E.2d 675, 685 (1999). Nevertheless, " 'a trial court may, in the proper circumstances, shield portions of court proceedings and records from the public[.]' " *France v. France*, 209 N.C. App. 406, 413, 705 S.E.2d 399, 405 (2011) (emphasis omitted) (quoting *Virmani*, 350 N.C. at 463, 515 S.E.2d at 685). "The determination of whether [documents] should be filed under seal is within the discretion of the trial court." *Taylor v. Fernandes*, 2018 NCBC LEXIS 4, at *4 (N.C. Super. Ct. Jan. 18, 2018) (citing *In re Investigation into*

*Death of Cooper*, 200 N.C. App. 180, 186–87, 683 S.E.2d 418, 424 (2009)). Nevertheless, courts should conceal records sparingly and only "in the interest of the proper and fair administration of justice[.]" *Virmani*, 350 N.C. at 463, 515 S.E.2d at 685.

10.     BCR 5 governs the process for filing documents under seal in this Court and includes specific procedural instructions designed to ensure a proper balance between the interests of the litigants and the public. For the Court to assess whether sealing is warranted, a motion to seal documents must include "the circumstances that warrant sealed filing" and "the reason(s) why no reasonable alternative to a sealed filing exists." BCR 5.2(b)(2)–(3). Until the Court can make this determination, BCR 5.2(d) provides the public with notice that documents have been provisionally sealed and allows access to public redacted versions or non-confidential descriptions of those documents. *See* BCR 5.2(d). SS&C, as the designating party of the Sealed Documents, bears the burden of overcoming the presumption that court records should be open to the public. *See* BCR 5.1(b), 5.3; *Preiss v. Wine & Design Franchise, LLC*, 2018 NCBC LEXIS 55, at *7 (N.C. Super. Ct. June 4, 2018).

IV.

ANALYSIS

A.     Circumstances that Warrant Sealed Filing

11.     For analytical purposes, SS&C has aggregated the individual Motions to Seal and grouped the Sealed Documents into the following four categories: (i) SS&C's Client Data (as defined below); (ii) SS&C's processes and procedures; (iii) SS&C's

pricing information; and (iv) Plaintiffs' personal information. (*See* 1st Mot. Seal 2–5; Suppl. Br. 3–8; 3rd Mot. Seal 2–4.) The Court will address the Motions to Seal collectively and determine whether SS&C has met its burden regarding the need for filing under seal for each category in turn.

### 1. SS&C's Client Data

12. SS&C states that it entered into an Agreement to Provide Services (the "ASA") to the Fund, which prohibits SS&C from disclosing information related to "(i) the Fund or its Management; (ii) current, former, and prospective investors in the Fund (including their names, addresses, and other personal information); and (iii) any of the affiliates or service providers to the Fund (collectively, 'Client Data')." (1st Mot. Seal 2; Suppl. Br. 3; 3rd Mot. Seal 2–3.) SS&C contends that sealing is warranted because disclosure of such information could violate the terms of the ASA. (1st Mot. Seal 2; Suppl. Br. 3; 3rd Mot. Seal 3.) SS&C further contends that sealing is proper because the Court has previously ruled that SS&C's Client Data may be filed under seal. (1st Mot. Seal 3; Suppl. Br. 4; 3rd Mot. Seal 3; *see also* Order Mot. File Under Seal ¶ 4 [hereinafter "2014 Order"], ECF No. 22.)

13. Although this Court has previously sealed documents containing Client Data where public disclosure "would require SS&C to choose between withdrawing these filings or violating the terms of the ASA[,]" (2014 Order ¶ 2), our Court of Appeals has recently emphasized that "freedom of contract must be balanced with the presumptive right of public access to court proceedings[,]" *Doe v. Doe*, 823 S.E.2d 583, 600 (N.C. Ct. App. 2018). "A court . . . is not bound by the parties' designation

of material as 'confidential,' even if the designation is made in accordance with a confidentiality agreement executed by the parties." *Taylor*, 2018 NCBC LEXIS 4, at *5 (citing *France*, 209 N.C. App. at 415–16, 705 S.E.2d at 407 ("Evidence otherwise appropriate for open court may not be sealed merely because an agreement is involved that purports to render the contents of that agreement confidential.")); *see also Beroz v. Nuvotronics, Inc.*, 2018 NCBC LEXIS 249, at *3 (N.C. Super. Ct. Apr. 3, 2018) ("Our appellate courts and this Court have frequently and soundly rejected the notion that parties to litigation may shield information from the public by agreement."). "[T]he reason the court seals [documents] is not because the parties have agreed to keep them confidential but instead because their disclosure would cause serious harm to [the] parties . . . ." *Lovell v. Chesson*, 2019 NCBC LEXIS 76, at *5 (N.C. Super. Ct. Oct. 28, 2019).

14. Thus, our appellate courts and this Court have now made clear that the mere fact that disclosure of the Client Data may constitute a breach of the ASA, standing alone, is not a sufficient basis to justify sealing. Without an explanation of how public disclosure of the Client Data could result in harm to SS&C and/or the Fund, the Court cannot determine whether the Client Data is of the type and quality that should be sealed.

### 2. SS&C's Processes and Procedures

15. SS&C contends that information related to the processes and procedures it used in providing services to the Fund, including SS&C's checklists, reports, and proprietary software, should be sealed because (i) internal processes and procedures

are a type of confidential and proprietary business information that North Carolina courts have determined may warrant sealing; and (ii) this Court has previously ruled that this type of information may be filed under seal. (*See* 1st Mot. Seal 3–4; Suppl. Br. 4–5; 3rd Mot. Seal 4; *see also* Order Pls.' Mot. Leave File Under Seal ¶ 6 [hereinafter "2017 Order"], ECF No. 142.)

16.    Our courts have determined that " '[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn *may* justify partial sealing of court records[,]' " *Doe*, 823 S.E.2d at 598 (emphasis added) (quoting *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014)), and a corporation's internal business processes and procedures are included within the categories that North Carolina courts have treated as confidential and proprietary trade secrets warranting protection, *see, e.g.*, *Sunbelt Rentals, Inc., v. Head & Engquist Equip., LLC*, 174 N.C. App. 49, 53–56, 620 S.E.2d 222, 226–28 (2005) (holding a compilation of "customer information, preferred customer pricing, employees' salaries, equipment rates, fleet mix information, budget information and structure of the business" constituted trade secrets); *State ex rel. Utils. Comm'n v. MCI Telecomms. Corp.*, 132 N.C. App. 625, 634, 514 S.E.2d 276, 282 (1999) (holding a compilation of customer data and business operations was sufficient to constitute trade secrets); *S. Fastening Sys., Inc. v. Grabber Constr. Prods., Inc.*, 2015 NCBC LEXIS 42, at *11 (N.C. Super. Ct. Apr. 28, 2015) (holding a compilation of customer information, sales reports, prices and terms books, sales memos, sales

training manuals, and information concerning vendor relationships constituted trade secrets).

17. But it is not enough that SS&C's proprietary software and internal processes and procedures for preparing reports and checklists are the types of information that North Carolina courts have treated as confidential and proprietary trade secrets. SS&C must still provide a sufficient justification for sealing these specific documents under BCR 5.2(b)(2), and, here, SS&C has not explained how public disclosure of its processes and procedures would result in harm to itself and/or the Fund. SS&C contended that disclosure of this information "would disadvantage SS&C in the market if it were available to SS&C's competitors" in both its response to an August 31, 2017 motion to seal filed by Plaintiffs, (Resp. Pls.' Mot. Leave File Under Seal 2, ECF No. 131), as well as a supplemental brief filed in support thereof, (SS&C's Suppl. Br. Supp. Resp. Pls.' Mot. Leave File Under Seal 2, ECF No. 138), and this Court later granted Plaintiffs' motion to seal those documents, (2017 Order ¶ 6). The Court suspects that public disclosure of information related to SS&C's processes and procedures contained in the Sealed Documents may similarly disadvantage SS&C in the market. But this assertion does not appear in any of SS&C's Motions to Seal or supporting briefs. (*See* 1st Mot. Seal; Suppl. Br.; 3rd Mot. Seal.) Thus, SS&C has not provided an adequate basis to justify sealing the Sealed Documents that contain information related to SS&C's processes and procedures under BCR 5.2(b)(2).

### 3. SS&C's Pricing Information

18. SS&C contends that sealing (i) a September 30, 2011 Statement of Partner's Capital for Plaintiff Robert K. Grunewald, (Sealed Exs. SS&C's Mot. Sum. J., Ex. A [hereinafter "Grunewald Capital Statement"]); (ii) a report reflecting service fees paid by the Fund to SS&C from March 15, 2007 to March 12, 2012, (Sealed Exs. SS&C's Mot. Sum. J., Ex. H); (iii) the ASA, (Exs. 3–12, Ex. 9 [hereinafter "ASA"]); (iv) spreadsheets of monthly expenses and payments for 2009–2012, including fees paid to SS&C, (Exs. 3–12, Ex. 12); and (v) an exhibit containing a report reflecting service fees paid by the Fund to SS&C from March 15, 2007 to March 12, 2012, June 2010 and December 2010 bank statements for Maiden Capital, and a screenshot for a payment made on December 20, 2010, (Exs. 13–21, Ex. 15), is necessary because disclosure of such pricing and cost information could harm SS&C's competitive standing. (*See* 1st Mot. Seal 4–5; Suppl. Br. 7.) SS&C further contends that sealing is proper because the Court has previously ruled that SS&C's pricing and cost information may be filed under seal. (1st Mot. Seal 5; Suppl. Br. 7; *see also* Order Mot. File Under Seal ¶ 4 [hereinafter "2016 Order"], ECF No. 72.)

19. The Court first notes that the September 30, 2011 Statement of Partner's Capital for Plaintiff Grunewald, filed as Exhibit A to SS&C's Memorandum in Support, does not contain any of SS&C's cost or pricing information; rather, it illustrates the performance of Grunewald's investments in the Fund as of September 30, 2011. (*See* Grunewald Capital Statement.) Thus, the Court cannot grant SS&C's Motions to Seal as to this exhibit on these grounds; however, SS&C has also included

this exhibit in its fourth category of documents, Plaintiffs' personal information, (*see* 1st Mot. Seal 5), which the Court addresses in turn below.

20.     The Court next turns its attention to the ASA, which Plaintiffs provisionally filed under seal as Exhibit 9 to Plaintiffs' Brief in Opposition. (ASA.) SS&C also provisionally filed the ASA under seal as Exhibit D to SS&C's Memorandum in Support. (Sealed Exs. SS&C's Mot. Sum. J., Ex. D.) As SS&C notes in both the First Motion to Seal and the Supplemental Brief in Support of Second Motion to Seal, this Court granted SS&C's motion to seal the ASA in its entirety in an order dated March 28, 2016. (1st Mot. Seal 3; Suppl. Br. 7; *see also* 2016 Order ¶ 6.) However, a thorough review of the docket shows that *SS&C* filed the ASA *publicly* as Exhibit 5 to its Memorandum of Law in Support of Motion to Dismiss Complaint on November 10, 2014. (Exs. 3–5 Mem. Law Supp. Mot. Dismiss Compl. by Def. SS&C, Ex. 5, ECF No. 18.2.) The fact that any cost and pricing information (or Client Data, as SS&C contends in the First Motion to Seal) contained in the ASA has been publicly available for over five years strongly suggests that SS&C faces no serious risk of significant harm from further public disclosure of this document such that sealing of either exhibit is unnecessary.

21.     The remaining three exhibits in this category all contain SS&C's pricing and cost information. A corporation's pricing and cost information is included within the categories that North Carolina courts have treated as confidential and proprietary trade secrets that may justify sealing. *See supra* Paragraph 15; *see also GE Betz, Inc. v. Conrad*, 231 N.C. App. 214, 234, 752 S.E.2d 634, 649 (2013) (holding "pricing

information, customer proposals, historical costs, and sales data" may constitute trade secrets); *Bldg. Ctr., Inc. v. Carter Lumber, Inc.*, 2016 NCBC LEXIS 79, at *10–13 (N.C. Super. Ct. Oct. 21, 2016) (holding "pricing structures" and "margins and profits" may be considered trade secrets).  The Court is satisfied that disclosure of SS&C's pricing and cost information serves no useful purpose to the public and that preserving the confidentiality of SS&C's proprietary and trade secret information warrants sealing of these documents.  *See Beroz*, 2018 NCBC LEXIS 249, at *2 ("[P]arties must 'limit the materials that they seek to file under seal,' and '[t]he party seeking to maintain materials under seal bears the burden of establishing the need for filing under seal' [pursuant to BCR 5.1(b)]'."); *see also Thomas Cook Printing Co. v. Subtle Impressions, Inc.*, 2008 NCBC LEXIS 18, at *10 (N.C. Super. Ct. Oct. 24, 2008) (holding that where the "subject matter does not implicate substantial policy concerns[,]" filing under seal is proper).

### 4. Plaintiffs' Personal Information

22. SS&C contends that two documents related to individual Plaintiffs' investments in the Fund should be sealed because (i) they contain personal financial information; and (ii) the Court has previously granted SS&C's motion to seal this type of information.  (1st Mot. Seal 5; Suppl. Br. 8; *see also* 2017 Order ¶ 6.)

23. The two documents are Exhibit A to SS&C's Memorandum in Support, which is a September 30, 2011 Statement of Partner's Capital for Plaintiff Grunewald, (Grunewald Capital Statement), and Exhibit 7 to Plaintiffs' Brief in Opposition, which is an e-mail from an SS&C employee to Plaintiff Elliot Broadfoot

as well as the referenced attachment, an April 30, 2008 Statement of Partner's Capital for Broadfoot, (Exs. 3–12, Ex. 7). While Plaintiffs Grunewald and Broadfoot may find public disclosure of the amounts they lost through investment in the Fund embarrassing, our appellate courts have recently emphasized that " '[a]djudicating claims that carry the potential for embarrassing or injurious revelations about' parties . . . is 'part of the day-to-day operations of' the North Carolina courts[.]" *Doe*, 823 S.E.2d at 598 (quoting *Co. Doe*, 749 F.3d at 269) (holding that protection of defendants or innocent third parties from embarrassment or economic loss does not constitute a compelling state interest that justifies sealing). The Court also notes that Plaintiffs only filed Exhibit 7 to Plaintiffs' Brief in Opposition under seal because SS&C designated the document as "Confidential," (2nd Mot. Seal 2), and Plaintiffs did not file a brief in support of sealing Exhibit A to SS&C's Memorandum in Support as permitted by BCR 5.3. Upon this showing, the Court does not find there to be a sufficient basis to justify sealing these exhibits.

B. <u>Filing Public Versions of Documents Provisionally Filed Under Seal</u>

24. In addition to providing the parties with certain privacy protections, BCR 5 also serves a public notice function—in particular, that identified documents, described non-confidentially, have been provisionally sealed pending the Court's ruling. BCR 5.2(d) provides as follows:

> *Within five business days of the filing or provisional filing of a document under seal*, the party that filed the document should file a public version of the document. The public version may bear redactions or omit material, but the redactions or omissions should be as limited as practicable. *In the rare circumstance that an entire document is filed under seal*, in lieu of filing a public version of the document, *the filing*

*party must file a notice that the entire document has been filed under seal.* The notice must contain a non-confidential description of the document that has been filed under seal.

BCR 5.2(d) (emphasis added).

25. Neither SS&C nor Plaintiffs have complied with the timing requirements of BCR 5.2(d). While SS&C did file a redacted public version or a notice that an entire document has been filed under seal for all Sealed Documents that are the subject of its First and Third Motions to Seal, (*see* Public Mem. Law Supp.; Public Exs. SS&C's Mot. Summ. J.; Notice Filing Under Seal—Exs. B, C, H, & Q; Public Reply; Public Exs. X, Y, & AA–DD; Notice Filing Under Seal—Ex. Z), all were filed late. Plaintiffs did not file redacted versions or notices of filing entirely under seal for their Brief in Opposition, index, compilation of deposition testimony and trial testimony excerpts, or the forty supporting exhibits that were provisionally filed under seal. One or the other is required, as BCR 5.2(d) contemplates that the trial court will have the benefit of the filing party's proposed redactions in deciding the motion to seal. *See* BCR 5.2(d).

C. <u>Omnibus Electronic Filings</u>

26. Finally, the Court notes that SS&C does not object to unsealing Exhibits 8, 11, 17, 29, 38, and 43 to Plaintiffs' Brief in Opposition as well as the excerpts from Eugene Grace's and Maiden's testimony from the compilation of deposition testimony and trial testimony excerpts filed with the same, (Suppl. Br. 8), all of which were provisionally filed under seal. Because no party objects to unsealing these documents, the Court will direct that they be unsealed below.

27. However, the parties' method of filing the Sealed Documents in the Court's e-filing system has impaired the Court's ability to unseal individual documents. The parties filed the Sealed Documents, and SS&C filed public redacted versions thereof, as large, omnibus electronic files. The parties are to take notice that it is the Court's preferred practice for parties to divide the index and supporting materials into separate documents, with each exhibit or other supporting document separately filed as an attachment to the index by designating the index as a "lead document" in the Court's e-filing system.

V.

CONCLUSION

28. **WHEREFORE**, based on the above, the Court, in the exercise of its discretion, hereby **ORDERS** as follows:

a. The Court **GRANTS** the Motions to Seal as to Exhibit H to SS&C's Memorandum of Law in Support of Motion for Summary Judgment, (ECF No. 259), and as to Exhibits 12 and 15 to Plaintiffs' Brief in Opposition to SS&C's Motion for Summary Judgment, (ECF Nos. 270–71), and hereby **ORDERS** that the following documents shall remain under seal pending further Order of the Court: (i) the report reflecting service fees paid by the Fund to SS&C from March 15, 2007 to March 12, 2012, (ECF No. 259); (ii) the spreadsheets of monthly expenses and payments for 2009–2012, including fees paid to SS&C, (ECF No. 270); and (iii) the report reflecting service fees paid by the Fund to SS&C from

March 15, 2007 to March 12, 2012, the June 2010 and December 2010 bank statements for Maiden Capital, and the screenshot for a payment made on December 20, 2010, (ECF No. 271).

b. The Court **DENIES as moot** the Motions to Seal as to Exhibits 8, 11, 17, 29, 38, and 43 to Plaintiffs' Brief in Opposition to SS&C's Motion for Summary Judgment and the excerpts from Eugene Grace's and Steve Maiden's testimony from the compilation of deposition testimony and trial testimony excerpts filed therewith, (ECF Nos. 270–73, 275, 278), and hereby **ORDERS** that Plaintiffs shall file public versions of each of those documents, and the Mecklenburg County Clerk of Superior Court shall unseal each of those documents, no later than May 15, 2020.

c. The Court **DENIES** the Motions to Seal as to Exhibit D to SS&C's Memorandum of Law in Support of Motion for Summary Judgment, (ECF No. 259), and as to Exhibit 9 to Plaintiffs' Brief in Opposition to SS&C's Motion for Summary Judgment, (ECF No. 270), and hereby **ORDERS** that SS&C shall file a public version of Exhibit D, Plaintiffs shall file a public version of Exhibit 9, and the Mecklenburg County Clerk of Superior Court shall unseal Exhibits D and 9, no later than May 15, 2020.

d. The Court hereby **ORDERS** that, after consultation with SS&C, Plaintiffs shall have through and including May 15, 2020 to file public, redacted versions, with all such redactions as limited as practicable, of

(i) their Brief in Opposition to SS&C's Motion for Summary Judgment, (ECF No. 268); (ii) the index, (ECF No. 269); (iii) the compilation of deposition testimony and trial testimony excerpts, (ECF No. 275); and (iv) Exhibits 3–7, 9–10, 12–16, 18–21, 23–28, 30–33, 36, 39–42, and 44–46, (ECF Nos. 270–73, 279). In the event that Plaintiffs or SS&C contend an entire document must be sealed, Plaintiffs must file a separate notice for each such document indicating that the document has been sealed in its entirety and containing a non-confidential description of the document.

e. All materials to be filed by this Order must be divided into separate exhibits, with the index, each exhibit, and/or the notice of the filing of a document entirely under seal separately filed as an attachment to either the index or notice, as appropriate, by designating the underlying index or notice as a "lead document" in the Court's e-filing system.

f. SS&C shall have through and including May 15, 2020 to file a supplemental brief or briefs in support of the Motions to Seal. Any such supplemental brief or briefs shall comply with the procedural requirements of BCRs 5 and 7. Should any Sealed Documents provisionally filed under seal not be the subject of a timely filed supplemental brief or briefs, such documents shall be unsealed and made a part of the public record.

g. The Court **DEFERS** further ruling on the Motions to Seal. All Sealed Documents provisionally filed under seal not specifically addressed above shall remain under seal pending further order of the Court.

**SO ORDERED**, this the 7th day of April, 2020.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge